[No. 13623-6-II.  Division Two.  July 31, 1992.]

MICHAEL SHREVE, ET AL, *Respondents,* v. STEVEN KENT CHAMBERLIN, ET AL, *Defendants,* JOHN L. SCOTT, INC., *Appellant.*

*David M. Shank* and *Revelle, Ries & Hawkins,* for appellant.

*Thomas R. Dreiling, Eugene D. Seligmann,* and *Seligmann, Dreiling & Beckerman,* for respondents.

MORGAN, A.C.J. — Garnishee defendant John L. Scott, Inc., appeals from the trial court's refusal to vacate a default judgment entered after Scott failed to timely answer a writ of garnishment. We reverse.

On April 15, 1988, Michael and Claudia Shreve took judgment against Steven and Elizabeth Chamberlin for $59,266 in an action arising out of a partnership accounting. From December 1988, through September 1989, the Shreves served five writs of garnishment on Chamberlin's employer, John L. Scott, Inc. Scott employee Monica Fox handled these writs for Scott. She filed 10 timely answers, as a result of which the Shreves collected roughly $4,000.

On October 3, 1989, the Shreves served a sixth writ of garnishment on Scott. Somehow, Fox lost track of this writ, and Scott failed to answer by October 23, the date on which an answer was due.

On October 26, the Shreves obtained a default judgment against Scott for $57,140.48, the total remaining on the underlying Shreve/Chamberlin judgment after costs and attorney's fees occasioned by the garnishments were added to it. Notwithstanding Scott's 10 previous answers, the Shreves obtained the judgment without giving notice to Scott and without even inquiring of Scott as to the possibility of an oversight.

On November 3, the Shreves obtained a writ of execution and served it on Scott. Scott does not dispute that during the next 7 days, it could have moved to reduce the judgment to the amount it owed Chamberlin, RCW 6.27.200, and that

it failed to do so. Scott points out, however, that on November 10, it served the Shreves with its answer to the sixth writ. In that answer, it stated that $6,353 was currently due to Chamberlin, that $4,766 of that amount was exempt, and that it was holding $1,588 by command of the writ. On November 13, Scott filed its answer with the court.

On November 17, Shreves contacted Scott to demand payment. On November 21, Scott requested that the Shreves voluntarily vacate the default judgment. The Shreves refused and garnished Scott's bank account.

On December 7, Scott moved to vacate the default judgment. The trial court denied the motion. It ruled, among other things, that the Shreves had no obligation to give notice of their intent to take a default judgment.

On appeal, Scott's dispositive contention[1] is that it appeared in the action by filing 10 timely answers to 5 previous garnishments; that its appearance entitled it to notice before a default judgment was taken; that no notice was given; and that the trial court therefore was obligated to set aside the default judgment. We agree.

■ One seeking to take a default judgment against a garnishee must comply with the rules of court relating to the entry of default judgments. RCW 6.27.200 states in part:

> If the garnishee fails to answer the writ within the time prescribed in the writ, after the time to answer the writ has expired and after required returns or affidavits have been filed, showing service on the garnishee and service on or mailing to the defendant, it shall be lawful for the court to render judgment by default against such garnishee, *in accordance with the rules relating to entry of default judgments*, for the full amount claimed by the plaintiff against the defendant, or in case the plaintiff has a judgment against the defendant, for the full amount of the plaintiff's unpaid judgment against the defendant with all accruing interest and costs as prescribed in RCW 6.27.090 . . ..

(Italics ours.)

Under this statute, the rules "relating to entry of default judgments" include not only CR 55(b), but also CR 55(a). CR

---

[1]The parties make various other arguments that we need not address.

55(b) expressly provides that entry of a default judgment may occur "after default", and CR 55(a) describes when a person is in default. Noncompliance with either rule will cause entry of a default judgment to be erroneous. Thus, both rules "relate" to the entry of default judgments within the meaning of RCW 6.27.200.[2]

Under CR 55(a), a default cannot be entered without notice against a party who has "appeared in the action". CR 55(a)(3) provides:

> Any party who has appeared in the action for any purpose shall be served with a written notice of motion for default and the supporting affidavit at least 5 days before the hearing on the motion. Any party who has not appeared before the motion for default and supporting affidavit are filed is not entitled to a notice of the motion . . ..

■ Under CR 55(a)(3) and CR 55(f)(1), a trial court acts without authority when it purports to enter a default judgment without notice against a party who has previously appeared. As a result, the previously appearing party is entitled as a matter of right to have the judgment set aside. As the Supreme Court said in *Tiffin v. Hendricks*, 44 Wn.2d 837, 847, 271 P.2d 683 (1954):

> [W]here the court has no authority to enter a default judgment because the defendant is not in default, the court has no discretion to exercise on the question of whether the judgment

---

[2]Attempting to show that CR 55(a) is not a rule relating to default judgments within the meaning of the statute, the Shreves rely on *Pacific Coast Paper Mills v. Pacific Mercantile Agency*, 165 Wash. 62, 4 P.2d 886 (1931), *Zesbaugh, Inc. v. General Steel Fabricating, Inc.*, 95 Wn.2d 600, 627 P.2d 1321 (1981), and *Snyder v. Cox*, 1 Wn. App. 457, 462 P.2d 573 (1970). Arguably, all three cases stand for the proposition that garnishment is a special statutory proceeding not controlled by the rules of court. However, all three cases were decided before 1987, the year in which the Legislature amended RCW 6.27.200 to require that a default judgment against a garnishee be rendered "in accordance with rules relating to entry of default judgments". Laws of 1987, ch. 442, § 1020. Thus, the cases the Shreves rely on are not useful when construing the current version of RCW 6.27.200.

The Shreves also argue that Washington's garnishment statutes "make no provisions [*sic*] for an appearance in lieu of an answer." We agree. Because RCW 6.27.200 requires compliance with CR 55(a), a garnishee who appears in the action is entitled to notice before a default judgment is taken. We do not hold, nor does Scott contend, that an appearance excuses a garnishee from answering a writ of garnishment. Thus, the Shreves' argument is correct but immaterial.

should be set aside. In the latter instance, the defendant may have such a default judgment set aside as a matter of right . . ..

To the same effect, *Seek Sys., Inc. v. Lincoln Moving/Global Van Lines, Inc.*, 63 Wn. App. 266, 268, 818 P.2d 618 (1992); *Whatcom Cy. v. Kane,* 31 Wn. App. 250, 252-53, 640 P.2d 1075 (1981); *see also Ware v. Phillips*, 77 Wn.2d 879, 884-85, 468 P.2d 444 (1970) (lack of notice caused judgment to be void on due process grounds); *Schell v. Tri-State Irrig.*, 22 Wn. App. 788, 791, 591 P.2d 1222 (1979) (same); *Gage v. Boeing Co.*, 55 Wn. App. 157, 164-65, 776 P.2d 991 (upholding trial court's exercise of discretion), *review denied*, 113 Wn.2d 1028 (1989).

The core question in this case is whether Scott's 10 timely answers to 5 previous writs constituted an "appearance in the action" for purposes of the sixth writ. If they did, the trial court was required to grant Scott's motion to set aside the default judgment.

█ What constitutes an appearance is described in general terms in RCW 4.28.210. That statute provides in part:

A defendant appears in an action when he answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his appearance.

The methods described in RCW 4.28.210 are not exclusive, *Dlouhy v. Dlouhy,* 55 Wn.2d 718, 721, 349 P.2d 1073 (1960), and courts have recognized various informal acts as sufficient to constitute an appearance. *E.g., Seek Sys., Inc. v. Lincoln Moving/Global Van Lines, Inc.*, 63 Wn. App. at 269-70 (collecting cases); *Gage v. Boeing Co.*, 55 Wn. App. 157, 161-62, 776 P.2d 991 (same), *review denied*, 113 Wn.2d 1028 (1989); Annot., *What Amounts to "Appearance" Under Statute or Rule Requiring Notice, to Party Who Has "Appeared," of Intention To Take Default Judgment*, 73 A.L.R.3d 1250 (1976). For example, a writing served on or sent to the opposing party has been recognized as an appearance, even when not denominated as such, *e.g., State ex rel. Trickel v. Superior Court*, 52 Wash. 13, 100 P. 155 (1909) (interrogatories treated as notice of appearance), and even when not filed with the court before a default is taken. *Tiffin v. Hendricks, supra* (notice of appearance served on opponent but not filed); *see*

*also H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970) (letter to counsel and settlement negotiations treated as appearance); *Warnock v. Seattle Times Co.*, 48 Wn.2d 450, 294 P.2d 646 (1956) (service by the defendant of a demand of security for costs). Similarly, a personal appearance by the defendant in open court has been held to be an appearance, even when no writing was filed. *Dlouhy v. Dlouhy*, 55 Wn.2d 718, 349 P.2d 1073 (1960).

█ In this case, all six writs of garnishment were part of the same underlying action, and all were part of a single continuing effort to collect a single judgment. All bore the same cause number, and all were filed within a 9-month time span. Under these circumstances, we hold that Scott appeared by answering the first five writs in timely fashion, and that before the Shreves could take a default judgment on the sixth writ, they were required to give Scott notice. Because they failed to do that, the default judgment on the sixth writ must be vacated.

*Gage v. Boeing Co.*, *supra*, provides direct support for this conclusion. There, Gage made two industrial injury claims against Boeing. Boeing prevailed before the Board of Industrial Insurance Appeals. Gage filed separate appeals to superior court, and Boeing failed to respond by filing notices of appearance. Gage then obtained default judgments without notice to Boeing. The trial court granted Boeing's motion to vacate the judgments, and Gage appealed to the Court of Appeals. 55 Wn. App. at 158-59. On its own motion, the Court of Appeals raised the issue of whether Boeing had been entitled to notice before the default judgments were entered. 55 Wn. App. at 159. Ultimately, it concluded that Boeing's actions before the Board entitled it to notice pursuant to CR 55(a)(3), and that the trial court had correctly ordered that the default judgments be set aside. 55 Wn. App. at 165. To reach this conclusion, it reasoned that CR 55 was "intended to protect those parties who, although delaying in a formal sense by failing to file pleadings within the twenty-day period, have otherwise indicated to the moving party a clear purpose to defend the suit." 55 Wn. App. at 161 (quoting *H.F. Livermore Corp. v.*

*Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691 (D.C. Cir. 1970)). It further reasoned that Gage could have "entertained no illusions regarding respondent's intentions to contest the claims"; that the administrative and superior court proceedings were really one action in which Boeing had appeared; and that to treat the superior court appeal as an entirely new and separate proceeding "would elevate form over substance." 55 Wn. App. at 162.

The parallels between *Gage* and this case are obvious. Just as Gage could not have harbored illusions about Boeing's unwillingness to default after Boeing had appeared and contested the administrative proceedings before the Board, the Shreves could not have harbored illusions about Scott's unwillingness to default after it responded to 5 writs by filing 10 answers. Just as the *Gage* court deemed administrative proceedings and a superior court appeal to be part of the same "action" in substance if not in technical legal form, we deem the six writs of garnishment in this case to be part of the same "action" for purposes of appearing pursuant to CR 55(a)(3).[3]

The order entered below is reversed. The default judgment against Scott is vacated, and the case is remanded for further proceedings. The Shreves' request for attorney's fees is denied.

ALEXANDER and SEINFELD, JJ., concur.

Reconsideration denied September 15, 1992.

Review denied at 120 Wn.2d 1029 (1993).

---

[3]Incidentally, *Gage* also disposes of the Shreves' argument that this court cannot consider Scott's answers to the first five writs to be an appearance for purposes of the sixth because CR 55(a)(3) protects only a party who has "appeared in the action"; each writ must be served as original process; and therefore each writ must be viewed as a separate action. Just as the need for original process in commencing the superior court appeal did not preclude the *Gage* court from looking to substance rather than form for purposes of determining whether there had been an appearance pursuant to CR 55(a)(3), the need for original process in serving each of the six writs of garnishment does not prevent this court from doing likewise.