[No. 32833-6-I.    Division One.    December 27, 1994.]

*In the Matter of the Marriage of* LINDA R. DALEY, *Respondent, and* DAN L. DALEY, *Appellant.*

*Helmut Kah,* for appellant.
*Dian Murray,* for respondent.

COLEMAN, J. — Dan L. Daley, who failed to appear when Linda R. Daley's petition for dissolution was called to trial, appeals the trial court's order of default. Dan contends that the order of default is void and should have been vacated because he pleaded and appeared prior to trial. We reverse.

Dan and Linda Daley were married for 22 years. In January 1992, Linda filed a summons and petition for dissolution. Upon receipt, Dan filed an acceptance of service, notice of appearance, and a pro se response to the petition. Both of the parties subsequently appeared for a status conference.

In a document from that conference, the court indicated that "the case is on track".

Neither party took further action on the petition until the date scheduled for trial, February 10, 1993. Linda appeared pro se. Dan apparently forgot that the trial was scheduled that day and failed to appear. After calling the docket twice, the trial court held that Dan was in default and that the findings of fact and final decree could be entered that day. The following colloquy occurred:

THE COURT: . . . That concludes the call of the calendar

* * * * (proceedings regarding other cases).

THE COURT: Do you have a default order?

UNIDENTIFIED VOICE: I couldn't get (unintelligible).

THE COURT: Do you have an order of default?

UNIDENTIFIED VOICE: No (unintelligible).

THE COURT: Will you get one over here and fill it out please?

THE COURT: *Daley v. Daley*. Is Dan Daley in the courtroom? Dan Daley?

THE COURT: Are you Mrs. Daley?

LINDA R. DALEY: Yes.

THE COURT: Come forward ma'am. Did you expect him to be here?

LINDA R. DALEY: I don't know your honor.

THE COURT: Has he been properly served in this matter?

LINDA R. DALEY: He has a calendar. The same as I do. We both attended the status conference.

THE COURT: Oh, you did?

LINDA R. DALEY: Yes. I respectfully need to have support determined, some type of help for myself and that the family home be sold.

THE COURT: And what?

LINDA R. DALEY: That the family home be sold. I don't have an attorney at the time your honor. I had one. I couldn't afford it. I have written up what I thought would be [an] equitable division in the case. Do we go ahead and do this [by] default, as you were talking about?

THE COURT: It is going to be by default.

LINDA R. DALEY: Right.

THE COURT: [discussion between the court and the clerk] Well, . . . would you pull the file in this matter.

CLERK: (unintelligible)

THE COURT: [discussion between the court and the clerk] I said would you pull the file. And would you . . . Come here a minute. I'm (unintelligible) a default in this matter. And then, would you tell Murray that when he comes off the bench that I'm defaulting out this person in this case and

that this lady needs, probably needs a little help in putting together her findings and conclusions and if he would work with her when he gets, later after he finishes calling the (unintelligible), or set an appointment to talk to her.

THE COURT: Ma'am would you see the bailiff here, she'll help (unintelligible). When you finish that, just come right over here and see this lady.

Pro tempore judge Murray McLeod and Linda prepared the dissolution documents, which were signed the following day, February 11, 1993, by the presiding judge. No verbatim record was taken. Dan thereafter moved to vacate the default order and decree of dissolution. The trial court denied the motion. Dan appeals.

The sole issue that we are asked to decide on appeal is whether the trial court erred by denying Dan's motion to vacate the order of default. Dan contends that the trial court erred because, under CR 55, he had appeared and pleaded prior to trial. We agree.

█ CR 55 governs default judgments and provides as follows:

> *Motion.* When a party against whom a judgment for affirmative relief is sought has failed to appear, plead, or otherwise defend as provided by these rules and that fact is made to appear by motion and affidavit, a motion for default may be made.

CR 55(a)(1). However, under this rule, a party who has appeared must be given 5 days' written notice prior to a hearing on the motion. CR 55(a)(3). Here, it is clear that by filing an appearance, submitting responsive pleadings, and attending the status conference Dan "appeared" and "pleaded" under CR 55(a)(1). That being so, Dan was entitled to 5 days' notice prior to the entry of default. Because there is no dispute that Dan did not receive notice, the order of default is void and should have been vacated.[1]

Linda nevertheless contends that default practice under CR 55 is affected by other procedural rules. In particular, relying on CR 40(a)(5) and CR 52(c), Linda argues that the

---

[1]*See In re C.R.B.*, 62 Wn. App. 608, 616-17, 814 P.2d 1197 (1991) (holding that default order entered without notice to adverse party who had appeared was improper).

trial court had discretion to enter findings, conclusions, and a judgment without prior notice to Dan.[2] We reject this contention and find that the rules Linda relies on do not apply under the facts of this case.

CR 40 governs the assignment of cases and provides that after notice of the trial has been given, either party may "proceed with his case" and receive a judgment despite the absence of the adverse party. CR 40(a)(5). CR 52 then addresses the trial court's entry of judgment and findings and conclusions "[i]n all actions tried upon the facts . . .". CR 52(a)(1). CR 52(c), in particular, provides that a defeated party who has failed to appear at the hearing or trial need not be given notice prior to the court's entry of findings and conclusions.

Despite Linda's arguments to the contrary, these rules do not apply in the present case because there was never an "action tried upon the facts". Rather, the trial court simply entered a default judgment pursuant to CR 55 disposing of this case as if Dan had never entered an appearance. The situation would certainly have been different had Linda proceeded with her case. Specifically, if she had proceeded to trial and presented evidence on the record, then the trial court would have had the authority under CR 52 to enter findings, conclusions, and judgment without notice to Dan.[3] The record does not reflect, however, that the trial court had evidence before it at the time it entered judgment. Therefore, the only applicable rule was CR 55. Because Dan failed to receive the 5 days' notice required by that rule, the order of default was void and the trial court should have granted

---

[2] Linda's alternative claim that the order of default is irrelevant because Dan joined in the petition is meritless. Dan's responsive pleading indicates that while he agreed to the dissolution, he did not intend to waive his right to object to Linda's request for relief regarding property division, custody, child support, and maintenance.

[3] *Cf. Tacoma Recycling, Inc. v. Capitol Material Handling Co.*, 34 Wn. App. 392, 661 P.2d 609 (1983). In *Tacoma Recycling*, CR 52 was relevant to the court's disposition of the case because the plaintiff presented evidence at trial. *Tacoma Recycling*, at 393.

Dan's motion to vacate. Accordingly, we reverse and remand for trial. Linda's request for attorney fees on appeal is denied.

Reverse and remand for trial.

KENNEDY and AGID, JJ., concur.