IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 36479-8-III |
| | ) | |
| KERI ORATE, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | PUBLISHED OPINION |
| | ) | |
| SCOTT ORATE, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Although Court of Appeals' precedent is muddled on the issue, Supreme Court precedent is clear: If a trial court has jurisdiction when a judgment is entered, judgments entered without proper notice are voidable, not void. A trial court's order denying a motion to vacate a voidable judgment must be timely appealed.

Here, Keri (Orate) Shrewsberry had Scott Orate served with her notice of intent to relocate with the child. Counsel for Mr. Orate appeared but did not object to relocation within 30 days. Ms. Shrewsberry, without notice to Mr. Orate, presented her order allowing relocation to the trial court, and it was entered. Mr. Orate promptly moved to vacate the order, arguing he did not receive proper notice. The trial court denied Mr.

Orate's motion. Mr. Orate then filed a second motion to vacate, which the trial court also

denied. Mr. Orate appealed that order to this court.

A person who does not timely appeal from a trial court ruling cannot extend the

period to appeal by rearguing the issue. Because Mr. Orate did not timely appeal the

original order denying his motion, and because dismissal will not result in a gross

miscarriage of justice, we dismiss this appeal as untimely.

FACTS

In March 2015, the trial court entered a final parenting plan as part of an agreed

dissolution between the parties. The plan gave Ms. Shrewsberry primary residential

placement over J., then three years old. The plan contained the following provision:

> The parties agree that the child will be educated in a school system other
> than Sunnyside where both parties presently reside. Therefore, it is
> intended that the mother will relocate the child at some point before he
> starts school and father has no objection concerning this relocation of the
> child. Mother shall not move the child's residence more than 75 miles from
> his present address without father's consent.

Clerk's Papers (CP) at 2.

In the spring of 2018, Ms. Shrewsberry told Mr. Orate she intended to move with

J. and begin working that fall for the Kennewick School District. The parties do not

dispute that the contemplated move was within 75 miles of J.'s Sunnyside residence. But

Mr. Orate said he would not agree to the move.

2

On April 30, 2018, and pursuant to RCW 26.09.440, Ms. Shrewsberry had Mr. Orate formally served with a notice of intent to relocate with child and a proposed parenting plan. The notice, filed under the original dissolution cause number, contained the following language:

> ***WARNING!*** THE RELOCATION OF THE CHILD WILL BE PERMITTED AND THE PROPOSED REVISED RESIDENTIAL SCHEDULE MAY BE CONFIRMED UNLESS, WITHIN THIRTY DAYS, YOU FILE A PETITION AND MOTION WITH THE COURT TO BLOCK THE RELOCATION OR OBJECT TO THE PROPOSED REVISED RESIDENTIAL SCHEDULE AND SERVE THE PETITION AND MOTION ON THE PERSON PROPOSING RELOCATION . . . .

CP at 2.

On May 10, Mr. Orate's counsel filed a notice of appearance. On May 31, Ms. Shrewsberry's counsel filed a notice of appearance and provided a copy of the notice to Mr. Orate's counsel.

Also on May 31, Ms. Shrewsberry presented to the trial court an ex parte motion for entry of a final order allowing relocation and an amended parenting plan. The motion stated Mr. Orate had not served a written objection to Ms. Shrewsberry's notice of intent to relocate. The trial court granted the motion and entered a final order allowing

relocation and an amended parenting plan. The next day, Ms. Shrewsberry e-mailed the order allowing relocation and amended parenting plan[1] to Mr. Orate.

On June 6, Mr. Orate filed a motion for an order to show cause why the order allowing relocation should not be vacated. In the motion, Mr. Orate argued the order was entered in violation of CR 60 and a local court rule that requires notice to counsel of record prior to entry of orders.

A court commissioner denied Mr. Orate's motion to vacate, reasoning the relocation was consistent with the parties' 2015 parenting plan agreement. On August 27, a superior court judge denied Mr. Orate's motion for revision.

That same day, substituted counsel for Mr. Orate filed a second motion to vacate the order allowing relocation. Although styling the motion as one under CR 55, Mr. Orate again argued the order should be vacated because it was entered without notice to him.

On September 13, a court commissioner denied Mr. Orate's second motion and granted Ms. Shrewsberry's request for attorney fees. In doing so, the court commissioner reasoned that the issue had already been decided by the superior court. On November 2, a

---

[1] For ease of reference, we hereafter refer to the final order allowing relocation and the amended parenting plan as "the order allowing relocation."

superior court judge denied Mr. Orate's motion for revision. In denying his motion, the superior court wrote, "The notice of intent to relocate is the notice of default." CP at 198 (alteration in original).

On November 29, Mr. Orate appealed the trial court's November 2 order denying revision.

ANALYSIS

Mr. Orate argues the trial court erred when it held that the notice of intent to relocate *is* the notice of default. Mr. Orate, citing *In re Marriage of Pennamen*, 135 Wn. App. 790, 146 P.3d 466 (2006), argues court procedures described in the civil rules prevail over conflicting court procedures described in statutes. He argues CR 55(a)(3) requires notice prior to entry of a default judgment[2] and the failure to give notice causes the order to be void.

Ms. Shrewsberry raises an initial procedural argument. She argues Mr. Orate's appeal is untimely because he twice argued his motion to vacate, and he failed to appeal from the first order that denied his motion. Br. of Resp't at 3, 7. Mr. Orate replies that

---

[2] The order allowing relocation changes the parties' visitation schedule and, thus, the original divorce decree. The parties assume, and so will we, that the order should be treated as an amended judgment.

his second motion was permissible because the order allowing relocation is *void*, and he is entitled as a matter of right to have the void order vacated.

Whether a judgment is void is a question of law this court reviews de novo. *Castellon v. Rodriguez*, 4 Wn. App. 2d 8, 14, 418 P.3d 804 (2018). We acknowledge that our Court of Appeals' precedent is muddled and take this opportunity to clarify the law.

> 1. *The trial court had jurisdiction when the order allowing relocation was entered*

Generally, a trial court obtains personal jurisdiction over a party-defendant when that party receives lawful service of the summons and complaint. *In re Estate of Kordon*, 157 Wn.2d 206, 210, 137 P.3d 16 (2006); *Mid-City Materials, Inc. v. Heater Beaters Custom Fireplaces*, 36 Wn. App. 480, 483, 674 P.2d 1271 (1984). Here, Ms. Shrewsberry caused Mr. Orate to be properly served with her notice of intent to relocate with child and her proposed parenting plan. The notice included a summons-like warning of the consequences for not responding within 30 days. Mr. Orate then obtained counsel who filed a notice of appearance. The trial court, thus, had personal jurisdiction over Mr. Orate when the contested order was entered.

Superior courts are courts of general jurisdiction and have subject matter jurisdiction over family law cases. WASH. CONST. art. IV, § 6; *In re Marriage of*

6

*Buecking*, 179 Wn.2d 438, 448-50, 316 P.3d 999 (2013). The trial court thus had subject matter jurisdiction over the motion to relocate.

> 2. *Where a court has jurisdiction, judgments entered erroneously are merely voidable*

We find the clearest statement of the law in *In re Marriage of Ortiz*:

> "[I]t is a general principle that where a court has jurisdiction over the person and the subject matter, no error in the exercise of such jurisdiction can make the judgment void, and that a judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith. This is true even if there is a fundamental error of law appearing upon the face of the record. Such a judgment is, under proper circumstances, voidable, but until avoided is regarded as valid."

108 Wn.2d 643, 649-50, 740 P.2d 843 (1987) (internal quotation marks omitted) (quoting *Dike v. Dike*, 75 Wn.2d 1, 8, 448 P.2d 490 (1968)); *see also Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994); *Rabbage v. Lorella*, 5 Wn. App. 2d 289, 298-99, 426 P.3d 768 (2018); *Cole v. Harveyland, LLC*, 163 Wn. App. 199, 205, 258 P.3d 70 (2011).

A string of Court of Appeals cases are inconsistent with the above authorities and have wrongly concluded that default judgments entered by courts, even courts with jurisdiction, are void. *See In re Marriage of Daley*, 77 Wn. App. 29, 31, 888 P.2d 1194 (1994); *Hous. Auth. v. Newbigging*, 105 Wn. App. 178, 190, 19 P.3d 1081 (2001);

*Servatron, Inc. v. Intelligent Wireless Prods., Inc.*, 186 Wn. App. 666, 679, 346 P.3d 831 (2015). This error appears to have started with *Shreve v. Chamberlin*, 66 Wn. App. 728, 731, 832 P.2d 1355 (1992), which misconstrued our Supreme Court precedent.

Division One of this court recently noted this error and persuasively explains why *Servatron* and *Daley* are inconsistent with Supreme Court precedent. *Rabbage*, 5 Wn. App. 2d at 298-99. We join Division One and acknowledge this error.

The premise of Mr. Orate's argument—that he was entitled to reargue his motion to vacate because the order allowing relocation was void—is a false premise. The order, even if erroneous, was merely voidable.

3.      *The appeal is untimely and must be dismissed*

A person who does not timely appeal a trial court ruling cannot extend the period to appeal by arguing an untimely reconsideration. *Schaefco, Inc. v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 367-68, 849 P.2d 1225 (1993).

On August 27, 2018, the superior court originally denied Mr. Orate's motion to vacate when it denied his motion to revise the court commissioner's ruling. RAP 5.2(a) allowed 30 days to appeal that order.

Instead of appealing that order, Mr. Orate reargued his motion to the court commissioner. Although the second motion relied on CR 55 rather than CR 60, Mr.

Orate made the same argument—the order allowing relocation must be vacated because he was not given proper notice. This reargument is akin to an untimely motion for reconsideration. It did not extend his time to appeal the trial court's August 27, 2018 order denying revision. We conclude that Mr. Orate's November 29, 2018 appeal was untimely.

Ordinarily, the proper remedy for an untimely appeal is dismissal of the appeal. *Schaefco*, 121 Wn.2d at 368. An appellate court will only extend the time to file a notice of appeal in extraordinary circumstances and to prevent a gross miscarriage of justice. RAP 18.8(b). Here, dismissal of the appeal will not cause a gross miscarriage of justice. The result of dismissal is to cause Mr. Orate to keep the agreement he made in 2015, which allowed Ms. Shrewsberry and J. to relocate within 75 miles of Sunnyside. Accordingly, we dismiss this appeal as untimely.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____        _____
Korsmo, J.                                                Fearing, J.