**NOTICE: SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| JASON GATES and AMANDA GATES, husband and wife, | No. 84448-2-I |
| Appellants, | |
| v. | ORDER GRANTING MOTION TO PUBLISH |
| HOMESITE INSURANCE COMPANY, a foreign insurance company, | |
| Respondent. | |

Nonparty Shangri-La LLC filed a motion to publish the opinion filed on September 18, 2023 in this case. Appellants Jason and Amanda Gates filed an answer to the motion. A majority of the panel has determined that the motion should be granted. Now, therefore, it is hereby

ORDERED that the motion to publish the opinion is granted.

FOR THE COURT:

Judge

For the current opinion, go to https://www.lexisnexis.com/clients/walreports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JASON GATES and AMANDA GATES, husband and wife, | No. 84448-2-I |
| Appellants, | DIVISION ONE |
| v. | |
| HOMESITE INSURANCE COMPANY, a foreign insurance company, | UNPUBLISHED OPINION |
| Respondent. | |

BOWMAN, J. — Jason and Amanda Gates obtained default judgments against Homesite Insurance Company after Homesite failed to appear or respond to their lawsuit for breach of contract and violation of the Insurance Fair Conduct Act (IFCA), RCW 48.30.010 to .015.  More than a year later, Homesite moved to vacate the judgments.  The court granted the motion under CR 60(b)(5) and dismissed the Gates' claims at summary judgment.  The Gates appeal.  Because Homesite was not entitled to relief from the default judgments under CR 60(b)(1), (4), (5), or (11), we reverse, vacate the orders of dismissal, and remand for the trial court to reinstate the default judgments.

## FACTS

In 2018, the Gates bought a home in Maple Valley.  They closed on the property on April 4 and moved in immediately.  The Gates insured the home through Homesite.  Homesite issued the Gates a policy effective April 4, 2018 to April 4, 2019.

No. 84448-2-I/2

Shortly after moving in, the Gates learned that the previous occupants used drugs in the home. They "promptly" arranged for sampling to determine whether the home contained harmful residues. The sampling showed methamphetamine residue that exceeded Washington State clean-up guidelines.

The Gates made a claim to Homesite for loss of personal property and structural damage, but Homesite denied the claim. In a letter dated April 23, 2018, Homesite told the Gates that their policy did not cover "discharge or release of pollutants or chemicals" or "loss prior to the policy period."

The Gates hired an attorney to pursue the claim. On May 8, 2018, their attorney e-mailed Homesite a letter, acknowledging that "[we] understand that the activities resulting [in] the methamphetamine contamination occurred before the Homesite policy took effect, and that damage to the structure is therefore not covered." But the attorney explained that the Gates were still seeking coverage for their personal property losses, "which occurred when the family moved their possessions into the home and exposed them to the chemical residue during the policy period."

Ultimately, Homesite paid the Gates for their damaged personal property. It mailed them a check for $11,552.62 on September 17, 2018. But Homesite maintained its denial of coverage for the Gates' structural damage.

On January 28, 2019, the Gates sued Homesite. They alleged breach of contract and violation of the IFCA, seeking compensation for their structural damage, attorney fees, and costs. The Gates served the Office of the Insurance

2

No. 84448-2-I/3

Commissioner (OIC) with a summons and complaint.[1]  But they did not give

Homesite 20 days' notice of their lawsuit as required under the IFCA.[2]  The OIC

accepted service on January 29, 2019.  It forwarded the summons and complaint

to Homesite the next day.  But the Homesite employee who received the

summons did not inform others in the company about the lawsuit.  Homesite did

not appear or respond to the complaint.

In March 2019, the Gates obtained an order of default and default

judgment for their remediation costs, totaling $87,913.92 plus interest.  Because

the Gates alleged Homesite unreasonably denied their claim, the court doubled

the award.[3]  The court also awarded $260.39 in costs, for a total judgment of

$176,088.03.  On August 5, 2019, the Gates obtained a supplemental judgment

for attorney fees and costs for $16,935.28 plus interest.  Homesite did not pay

the judgments.

One year later on August 5, 2020, the Gates contacted Homesite.  They

sought to collect on the judgments, which had been accruing interest, for a total

payoff amount of $224,989.04.  Homesite then filed a notice of appearance with

the trial court, and on December 28, 2020, moved to set aside the judgments.

The court scheduled a hearing on Homesite's motion for January 11, 2021

without oral argument.[4]

---

[1] The OIC is a statutorily designated registered agent for Homesite under RCW 48.05.200.

[2] RCW 48.30.015(8)(a).

[3] RCW 48.30.015(2).

[4] The "Notice for Hearing" incorrectly sets the hearing date for January 11, 2020. It is clear from the record this was a scrivener's error, and the correct hearing date was January 11, 2021.

Homesite argued that the court should set aside the default judgments for good cause under CR 55(c)(1) and vacate them for mistake, inadvertence, or excusable neglect under CR 60(b)(1). The Gates responded that Homesite was not entitled to relief under CR 60(b)(1) because Homesite moved to vacate more than a year after the court entered the judgments. Although not raised by Homesite, the Gates also argued extraordinary circumstances did not warrant relief under CR 60(b)(11). In reply, Homesite argued that the court also had grounds to vacate the judgments for misrepresentation and misconduct under CR 60(b)(4) and that CR 60(b)(11) applied.

On February 11, 2021, the court granted Homesite's motion and vacated the default judgments under CR 60(b)(5). It concluded that the judgments were void because the Gates filed and pursued their claims without giving Homesite the 20-day notice required under the IFCA. The court then "weighed the equities" and awarded the Gates their attorney fees and costs incurred in litigating their motions for default and default judgment and Homesite's motion to vacate.

The Gates moved for reconsideration, which the court denied. The Gates then appealed, seeking discretionary review from this court. A commissioner of this court denied review, concluding that the Gates failed to show review was warranted under RAP 2.3(b).

In April 2022, Homesite moved for partial summary judgment on the Gates' IFCA claims. The Gates cross moved for summary judgment as to Homesite's liability. The court granted summary judgment for Homesite and

4

denied it for the Gates. Homesite then moved for partial summary judgment on the Gates' breach of contract claim, which the court granted. The court dismissed the Gates' lawsuit with prejudice.

The Gates appeal.

ANALYSIS

The Gates argue the trial court improperly vacated the default judgments because Homesite failed to show it was entitled to relief under CR 60(b). The Gates also seek attorney fees.

1. Default Judgment

When interpreting court rules, we apply principles of statutory construction. Plein v. USAA Cas. Ins. Co., 195 Wn. 2d 677, 685, 463 P.3d 728 (2020). "But we do not resort to statutory construction if a rule is unambiguous. We determine its meaning from the language of the rule itself." WESCO Distrib., Inc. v. M.A. Mortenson Co., Wn. App. 712, 715, 946 P.2d 413 (1997).

Under CR 55(c), "[f]or good cause shown and upon such terms as the court deems just, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with rule 60(b)." CR 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding" for these reasons:

> (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;
>
> . . . .

No. 84448-2-I/6

(4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(5) The judgment is void;

. . . ; or

(11) Any other reason justifying relief from the operation of the judgment.[5]

The party seeking relief under CR 60(b) bears the burden of showing relief is warranted. Fowler v. Johnson, 167 Wn. App, 596, 605, 273 P.3d 1042 (2012).

A. CR 60(b)(5)

The trial court granted Homesite's motion to vacate under CR 60(b)(5). It concluded that "the default finding and default judgment previously entered in this matter are properly vacated pursuant to CR 60(b)(5)" because "[i]t is undisputed that [the Gates] filed and pursued their claims in this matter without first presenting the requisite notice under RCW 48.30.015(8)."[6] The Gates argue the trial court erred by setting aside the default judgments under CR 60(b)(5) because notice under RCW 48.30.015(8)(a) is not a jurisdictional requirement. We agree.

CR (60)(b)(5) provides relief from a final judgment on a showing that "[t]he judgment is void." A judgment is void if the issuing court lacks personal jurisdiction or subject matter jurisdiction over the claim. Rabbage v. Lorella, 5 Wn. App. 2d 289, 297, 426 P.3d 768 (2018). Courts have a nondiscretionary

---

[5] The omitted grounds for relief under CR 60(b) are not applicable here.

[6] Though the court's order appears to address only the Gates' IFCA claim, in operation, it vacated the judgments on both the IFCA and breach of contract claims.

No. 84448-2-I/7

duty to vacate a void judgment and can vacate such a judgment at any time. Id. at 300; Allstate Ins. Co. v. Khani, 75 Wn. App. 317, 323, 877 P.2d 724 (1994). We review a trial court's ruling under CR 60(b)(5) de novo. Ahten v. Barnes, 158 Wn. App. 343, 350, 242 P.3d 35 (2010).[7]

Generally, a trial court has personal jurisdiction over a party-defendant that receives lawful service of a summons and complaint. See Mid-City Materials, Inc. v. Heater Beaters Custom Fireplaces, 36 Wn. App. 480, 483-84, 674 P.2d 1271 (1984). And there are very few limitations on the subject matter jurisdiction of superior courts in Washington. Outsource Servs. Mgmt. LLC v. Nooksack Bus. Corp., 181 Wn.2d 272, 276, 333 P.3d 380 (2014). Under our constitution, superior courts "have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court." WASH. CONST. art IV, § 6.

The Gates properly served Homesite by serving the OIC with a summons and a copy of their complaint. See RCW 48.05.200(1); Prest v. Am. Bankers Life Assur. Co., 79 Wn. App. 93, 99-100, 900 P.2d 595 (1995). As a result, the trial court had personal jurisdiction over Homesite. And the court's original jurisdiction includes contract claims and statutory causes of action, the subject

---

[7] Citing Morris v. Palouse River & Coulee City Railroad, 149 Wn. App. 366, 370, 203 P.3d 1069 (2009), Homesite argues we should review the court's ruling for an abuse of discretion. While we generally review a trial court's ruling on a motion to vacate a default judgment for an abuse of discretion, see Little v. King, 160 Wn.2d 696, 702, 161 P.3d 345 (2007), we review CR 60(b)(5) rulings de novo. Ahten, 158 Wn. App. at 350. We recognize that Morris reached a different result. But Morris relied on Showalter v. Wild Oats, 124 Wn. App. 506, 510-11, 101 P.3d 867 (2004), which addressed an order vacating a default judgment under CR 60(b)(1), so we decline to follow Morris.

No. 84448-2-I/8

matter at issue here.  Outsource, 181 Wn.2d at 276.  So, the court had the authority to issue the default judgments, and they were not void.

Homesite argues the court "lacked the power or authority" to enter the judgments.  It points to the Gates' failure to comply with the IFCA's notice requirements.  Under the IFCA, individuals may bring a private cause of action against insurers for unreasonable denial of a claim for coverage or benefits.  RCW 48.30.015(1).  And 20 days before filing an IFCA claim, a claimant "must provide written notice of the basis for the cause of action to the insurer and the [OIC]."  RCW 48.30.015(8)(a).  That gives the insurer an opportunity to "resolve the basis for the action" before litigation.  RCW 48.30.015(8)(b).  But where, as here, the court has personal and subject matter jurisdiction, " 'a procedural irregularity renders a judgment voidable,' not void."  Rabbage, 5 Wn. App. 2d at 298 (quoting Mu Chai v. Yi Kong, 122 Wn. App. 247, 254, 93 P.3d 936 (2004)).

In Rabbage, the petitioner obtained a decree of dissolution by default but failed to properly serve the respondent with notice of the motion for default.  5 Wn. App. 2d at 293-94.  The trial court set aside the default dissolution decree under CR 60(b)(1) and the matter proceeded to trial.  Id. at 294-95.  The petitioner later sued her attorney, asserting that the attorney was negligent for failing to serve notice of the motion for default, which she argued rendered the decree void.  Id. at 295.  We rejected the petitioner's argument that the decree was void and concluded that "only a jurisdictional defect can make a judgment void."  Id. at 299-300.  In doing so, we recognized that several Court of Appeals cases conclude otherwise.  Id. at 297-99 (citing Servatron, Inc. v. Intelligent

No. 84448-2-I/9

<u>Wireless Prods., Inc.</u>, 186 Wn. App. 666, 679, 346 P.3d 831 (2015); <u>In re Marriage of Daley</u>, 77 Wn. App. 29, 31, 888 P.2d 1194 (1994)).  But we disagreed with those cases and described them as "incautious" and not to be repeated because they lead to "analytical error."  <u>Id.</u> at 300.

Division Three of our court later reached the same conclusion in <u>In re Marriage of Orate</u>, 11 Wn. App. 2d 807, 813, 455 P.3d 1158 (2020).  There, the petitioner obtained a default order allowing relocation without serving proper notice on the respondent.  <u>Id.</u> at 810.  Respondent moved to set aside the order as void, but the court rejected his motion.  <u>Id.</u> at 810-11.  Division Three agreed with the trial court.  <u>Id.</u> at 813-14.  It recognized that

> "where a court has jurisdiction over the person and the subject matter, no error in the exercise of jurisdiction can make the judgment void, and that a judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith."

<u>Id.</u> at 812-13 (quoting <u>In re Marriage of Ortiz</u>, 108 Wn.2d 643, 649-50, 740 P.2d 843 (1987)).  The court also recognized that a "string of Court of Appeals cases . . . have wrongly concluded that default judgments entered by courts, even courts with jurisdiction, are void."  <u>Id.</u> at 813 (citing <u>Servatron</u>, 186 Wn. App. at 679; <u>Hous. Auth. v. Newbigging</u>, 105 Wn. App. 178, 190, 19 P.3d 1081 (2001); <u>Daley</u>, 77 Wn. App. at 31).  And it identified the error as starting with <u>Shreve v. Chamberlin</u>, 66 Wn. App. 728, 731, 832 P.2d 1355 (1992), "which misconstrued our Supreme Court precedent."[8]  <u>Id.</u>

---

[8] In <u>Shreve</u>, the court concluded that a trial court "acts without authority when it purports to enter a default judgment without notice against a party who has previously appeared."  66 Wn. App. at 731.

9

No. 84448-2-I/10

Here, the Gates failed to notify Homesite of their intent to file a lawsuit as required under the IFCA. And the statutory notice procedure is a prerequisite to pursuing a lawsuit. RCW 48.30.015(8)(a). But the Gates' failure to provide that notice did not deprive the court of personal or subject matter jurisdiction. So, the Gates' failure to comply with the notice requirements of IFCA rendered the judgments voidable, not void.[9]

The trial court erred by vacating the Gates' default judgments under CR 60(b)(5).

B. CR 60(b)(1)

Homesite argued below that it was entitled to relief under CR 60(b)(1). We disagree.

A court may grant relief under CR 60(b)(1) for "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." A party must move to vacate under CR (b)(1) within one year of entry of the judgment. CR 60(b). Here, the court entered the supplemental default judgment on August 5, 2019.[10] Homesite moved to vacate on December 28, 2020. Because Homesite moved to vacate more than a year after the court entered the judgments, the trial court could not grant relief on this basis. Lindgren v. Lindgren, 58 Wn. App. 588, 596, 794 P.2d 526 (1990).

---

[9] Homesite cites Long v. Harrold, 76 Wn. App. 317, 884 P.2d 934 (1994), and In re Adoption of Hickey, 18 Wn. App. 259, 567 P.2d 260 (1977), in support of their argument that the court lacked authority to issue the default judgments. We decline to rely on those cases as they predate Rabbage and Orate.

[10] The court entered the initial default judgment on March 18, 2019. It then issued a supplemental judgment on August 5, 2019. We use the later judgment date here.

10

In any event, Homesite offers no grounds for relief under CR 60(b)(1). Homesite did not respond to the Gates' lawsuit because of an internal communication issue. We have repeatedly concluded that a company's failure to respond to a properly served complaint because of an internal communication issue does not warrant relief under CR 60(b)(1). See Ha v. Signal Elec., Inc., 182 Wn. App. 436, 450, 332 P.3d 991 (2014); Prest, 79 Wn. App. at 99-100; TMT Bear Creek Shopping Ctr. Inc. v. PETCO Animal Supplies, Inc., 140 Wn. App. 191, 212-13, 165 P.3d 1271 (2007); Johnson v. Cash Store, 116 Wn. App. 833, 848-49, 68 P.3d 1099 (2003).

Homesite is not entitled to relief from the default judgments under CR 60(b)(1).

### C. CR 60(b)(4)

Homesite argues that it is also entitled to relief from the default judgments under CR 60(b)(4). We disagree.

Under CR 60(b)(4), a trial court can vacate a judgment for "[f]raud . . . , misrepresentation, or other misconduct of an adverse party." Fraudulent conduct or misrepresentation under CR 60(b)(4) must cause the entry of the judgment such that the losing party was prevented from fully and fairly presenting its case or defense. Lindgren, 58 Wn. App. at 596. And "[t]he party attacking a judgment under CR 60(b)(4) must establish the fraud, misrepresentation, or other misconduct by clear and convincing evidence." Id.

Homesite alleges the Gates engaged in several acts of misrepresentation and misconduct. It claims the Gates misled it to believe they would not sue when

11

their attorney sent the May 2018 letter agreeing there was no coverage for structural damage, and they did not provide 20-day's notice under the IFCA that they intended to sue. It also alleges the Gates engaged in misconduct when they served only the OIC with their summons and complaint and waited a year before presenting Homesite with the default judgments.

Homesite fails to show that the Gates' conduct amounts to misrepresentation or misconduct. Nor does it show that the alleged conduct caused entry of the judgments. Neither the attorney's letter nor the failure to comply with statutory notice prevented Homesite from fully and fairly presenting its case, particularly when the Gates properly served Homesite with a summons and complaint through the OIC. And Homesite fails to show that the Gates engaged in misconduct by serving only the OIC. Indeed, under RCW 48.05.200(1), "[s]ervice of legal process against the insurer can be had only by service upon the [OIC]." Finally, it is not "deceptive or unfair for a plaintiff to wait a year to collect on a default judgment." See Trinity Universal Ins. Co. of Kan. v. Ohio Cas. Ins. Co., 176 Wn. App. 185, 195-96, 312 P.3d 976 (2013).

Homesite is not entitled to relief from the default judgments under CR 60(b)(4).

### D. CR 60(b)(11)

Homesite argues that even if none of the other provisions of CR 60(b) apply, it is entitled to relief under CR 60(b)(11). Again, we disagree.

Under CR 60(b)(11), a court may grant a party relief for "[a]ny other reason justifying relief from the operation of the judgment." This is a "catchall

provision" of the rule, and relief is "limited to situations involving extraordinary circumstances" not covered in any other section of CR 60(b). In re Welfare of R.S.G., 172 Wn. App. 230, 243-44, 289 P.3d 708 (2012); Topliff v. Chi. Ins. Co., 130 Wn. App. 301, 305, 122 P.3d 922 (2005). And "those circumstances must relate to 'irregularities extraneous to the action of the court or questions concerning the regularity of the court's proceedings.' " Topliff, 130 Wn. App. at 305 (quoting In re Marriage of Yearout, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985)).

Homesite's mismanagement of the Gates' service of process does not amount to an extraordinary circumstance warranting relief from the judgments. It is a circumstance to be analyzed under CR 60(b)(1). But Homesite's motion is time-barred under CR 60(b)(1). And CR 60(b)(11) cannot be used to circumvent the time limit of CR 60(b)(1). Friebe v. Supancheck, 98 Wn. App. 260, 267, 992 P.2d 1014 (1999).

Homesite is not entitled to relief from the default judgments under CR 60(b)(11).

### E. Equitable Relief

Finally, Homesite argues that the trial court properly vacated the default judgments under principles of equity. According to Homesite, the trial court "relied on its authority under CR 60(b), which empowers it to impose 'such terms

13

No. 84448-2-I/14

as are just.' " Homesite mischaracterizes the trial court's order[11] and

misconstrues the language of the rule.

CR 60(b) provides that on motion and "upon such terms that are just, the

court may relieve a party . . . from a final judgment . . . for the following reasons."

The plain language of the rule then limits relief to those reasons enumerated in

CR 60(b)(1) to (11). See also Gustafson v. Gustafson, 54 Wn. App. 66, 70-71,

772 P.2d 1031 (1989) (the purpose of CR 60(b) listing grounds for relief is "to

'cover the field' of vacation and to eliminate writs of [error] and bills of review").

Homesite cites no authority in support of its proposition that a trial court can

vacate a final judgment for reasons other than those enumerated in the rule.[12]

So, we presume it found none.  Helmbreck v. McPhee, 15 Wn. App. 2d 41, 57,

476 P.3d 589 (2020).

The trial court erred by vacating the Gates' default judgments.[13]

---

[11] Homesite suggests that the court's order shows it used its equitable powers to set aside the default judgments based on "such terms that are just."  CR 60(b).  But in its order granting Homesite's motion, the court explained that it was vacating the default judgments under CR 60(b)(5) because the Gates "filed and pursued their claims . . . without first presenting the requisite notice under RCW 48.30.015(8)."  Then, citing its authority under CR 60(b) to impose relief under "such terms as are just," the court ordered Homesite to pay the Gates' attorney fees and costs incurred by litigating the default motions, default judgments, and motion to vacate.  The court determined that the terms against Homesite were just because even though the Gates failed to comply with RCW 48.30.015(8)(a), Homesite "was served and failed to timely defend only because of an internal error in processing its mail."

[12] Homesite suggests that the court's authority may arise under the "good cause" standard in CR 55(c)(1).  But that rule applies to motions to vacate default orders, not default judgments.  See CR 55(c)(1) ("[f]or good cause shown and upon such terms as the court deems just, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with rule 60(b)").

[13] Because we reinstate the default judgments, we do not reach the Gates' argument that the trial court erred by granting summary judgment for Homesite.

No. 84448-2-I/15

2. Attorney Fees

The Gates ask for attorney fees under Olympic Steamship Co. v. Centennial Insurance Co., 117 Wn.2d 37, 53, 811 P.2d 673 (1991). That case provides for attorney fees to a prevailing insured "in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefits of [their] insurance contract." Id.

Olympic Steamship broadly applies "[w]hether the insured must defend a suit filed by third parties, appear in a declaratory action, or . . . file a suit for damages to obtain the benefit of [their] insurance contract." 117 Wn.2d at 52-53. This is so because in each instance, "the conduct of the insurer imposes upon the insured the cost of compelling the insurer to honor its commitment and, thus, is equally burdensome to the insured." Id.

Olympic Steamship attorney fees are available to a party that obtains a default judgment. Pro. Marine Co. v. Those Certain Underwriters at Lloyd's, 118 Wn. App. 694, 711-12, 77 P.3d 658 (2003) (citing Olympic S.S., 117 Wn.2d at 52-53). And attorney fees under Olympic Steamship are available to parties prevailing on appeal. Singh v. Zurich Am. Ins. Co., 5 Wn. App. 2d 739, 764, 428 P.3d 1237 (2018). We award attorney fees to the Gates as the prevailing parties on appeal subject to compliance with RAP 18.1.

Because Homesite was not entitled to relief from the Gates' default judgments under CR 60(b), we reverse, vacate the orders of dismissal, and

15

remand for the trial court to reinstate the judgments.  And we award attorney fees to the Gates as the prevailing party on appeal.

Brennan, J

WE CONCUR:

Coburn, J.                    Dwyer, J.