[No. 24101–0–I.   Division One.   July 23, 1990.]

FRIDA T. LINDGREN, *Plaintiff*, v. NORMAN G.
LINDGREN, ET AL, *Defendants,* CHRIS
DEMOPOLIS, *Appellant*, LANA R.
KIMZEY, *Respondent.*

*Chris Demopolis,* pro se, and *James E. Lobsenz,* for appellant.

*J. David Andrews, Timothy J. O'Connell,* and *David T. Pimentel,* for respondent.

WEBSTER, J.—Chris Demopolis appeals an order vacating a default judgment that he obtained against Lana R. Kimzey. He maintains that the order was improper because Kimzey failed to serve him with a motion as required by court rule and that the trial court abused its discretion when it vacated the judgment pursuant to CR 60(b). Kimzey cross–appeals arguing that the trial court erred by awarding only part of her attorney's fees. We affirm the trial court and grant Kimzey additional attorney's fees.

## FACTS

In December 1983 Frida Lindgren, owner of a condominium, brought a quiet title action against her son, her son's wife, and Demopolis. She alleged that a quitclaim deed, executed March 28, 1983, purporting to transfer her interest in the condominium to Chris Demopolis, was a forgery. She claimed that she never intended to transfer the condo to Demopolis. On March 1, 1985, the court granted her request and declared the deed void.

Meanwhile, on September 20, 1984, Demopolis filed an answer and a third party complaint alleging that Lindgren's son and Lana Kimzey, a person whose ostensible signature and notary seal appeared on the quitclaim deed, conspired to defraud Demopolis by forging Frida Lindgren's signature. Demopolis requested $5,200 damages, interest, attorney's fees, and damages to his professional reputation. On October 10, 1984, Demopolis and an agent visited Kimzey at her place of employment to serve her with papers. Demopolis contends that the agent delivered "copies of the Third Party Complaint" to Kimzey. However, Kimzey states in an affidavit that Demopolis, not the agent, handed her the papers. She admits receiving a summons but claims that she was never notified that Demopolis intended to seek a default judgment.

Kimzey filed no response, so Demopolis moved for a default judgment on March 29, 1985. In the motion, Demopolis asserted that Kimzey was served with a summons and a "third party complaint" on October 10, 1984. On the same day, the court entered an order of default and a judgment against Kimzey for $5,200 damages for fraud, $2,000 damages to Demopolis's professional reputation, $10,424.93 accrued interest, and $2,000 attorney's fees. The judgment also imposed interest at 100 percent per annum on the outstanding balance until paid.

Over 4 years later on February 22, 1989, Demopolis served a writ of garnishment upon Kimzey. On March 15, 1989, Kimzey filed an objection to the garnishment. To dismiss the garnishment, Kimzey moved the court to vacate

the 1985 default judgment. Kimzey sent copies of the motion to Demopolis's attorney. Demopolis filed a response to the motion on April 5, 1989. Following a hearing, the court granted the motion and vacated the judgment. On April 21, 1989, the court entered an order quashing the garnishment and awarded Kimzey attorney's fees but only the portion of her fees incurred in obtaining a dismissal of the garnishment.

## SERVICE OF A MOTION TO VACATE

Demopolis argues that the court lacked jurisdiction to hear Kimzey's motion to vacate because she failed to serve him with the motion as required by CR 60. CR 60(e) prescribes the procedure for motions to vacate. It provides in part:

> (3) *Service.* The motion, affidavit, and the order to show cause shall be served upon all parties affected in the same manner as in the case of summons in a civil action at such time before the date fixed for the hearing as the order shall provide; but in case such service cannot be made, the order shall be published in the manner and for such time as may be ordered by the court, and in such case a copy of the motion, affidavit, and order shall be mailed to such parties at their last known post office address and a copy thereof served upon the attorneys of record of such parties in such action or proceeding such time prior to the hearing as the court may direct.

Demopolis argues that without service of the motion on the adverse party, the court lacks jurisdiction, and therefore, authority to vacate a judgment. His argument is without merit.

RCW 4.28.020 provides,

> **Jurisdiction acquired, when.** From the time of the commencement of the action by service of summons, or by the filing of a complaint, or as otherwise provided, the court is deemed to have acquired jurisdiction and to have control of all subsequent proceedings.

This statute declares that once original jurisdiction is properly acquired, a superior court has continuing jurisdiction over a controversy from beginning to end. A motion to vacate under CR 60(b) is part of the original suit and, as such, does not require independent jurisdictional grounds.

*In re Marriage of Parks,* 48 Wn. App. 166, 171, 737 P.2d 1316 (citing *Smith v. Widman Trucking & Excavating, Inc.,* 627 F.2d 792, 799 (7th Cir. 1980)), *review denied,* 109 Wn.2d 1006 (1987). In *Parks,* the court concluded, relying on RCW 4.28.020,

> a CR 60(b) motion is ancillary to or a continuation of the original suit and so long as the court had jurisdiction in the original suit, jurisdiction continues for the purposes of the CR 60(b) motion.

*Parks,* at 172. The court acquired jurisdiction over Demopolis when he was originally served with Lindgren's quiet title suit. It also had jurisdiction over him because by filing a third party complaint against Kimzey, he availed himself of the court's jurisdiction so as to constitute consent to jurisdiction. *See generally* 2 L. Orland, Wash. Prac., *Trial Practice* § 10 (3d ed. 1972). Most importantly, it can hardly be said that the court had no jurisdiction over Demopolis, who had, only a few weeks earlier, filed in the court a writ of garnishment directed at Kimzey. Demopolis was contemporaneously availing himself of the court's powers to enforce his judgment. Demopolis's argument that the court had no jurisdiction is overly technical.[1]

We distinguish the cases cited by Demopolis which, he claims, hold that service of a CR 60 motion is a jurisdictional prerequisite to a court having power to vacate a judgment. *State ex rel. Gaupseth v. Superior Court,* 24 Wn.2d 371, 164 P.2d 890 (1946); *State ex rel. Hibler v. Superior Court,* 164 Wash. 618, 3 P.2d 1098, 78 A.L.R. 366 (1931). Neither case involved a party who, only weeks before the motion to vacate was filed, attempted to enforce his judgment. Moreover, the courts' language upon which Demopolis relies—that the failure to serve deprives the

---

[1] We also reject Demopolis's attempt to characterize his appearance at the hearing to contest service of process as a motion under CR 12(b). Under that rule, an insufficient service defense must be brought either (1) in a responsive pleading, or (2) in a motion before filing a responsive pleading. CR 12(b). Demopolis's response to the motion is not a responsive pleading, and was made well after his pleadings were filed. CR 7(a), 12(b); *see French v. Gabriel,* 57 Wn. App. 217, 788 P.2d 569, *review granted,* 114 Wn.2d 1026 (1990).

court of jurisdiction to hear a motion to vacate—is arguably unnecessary to the courts' decisions and clearly inconsistent with a statute giving a trial court continuing jurisdiction to adjudicate matters in an ongoing litigation. The statute, Rem. Rev. Stat. § 238, the former codification of RCW 4.28.020, was in effect at the time both decisions were entered. Neither case cited Rem. Rev. Stat. § 238; we must presume the court did not consider its application when rendering the decisions.

■ Although no jurisdictional problem is created by Kimzey's failure to serve Demopolis, we must still determine the appropriate remedy for failing to comply with the proper procedure. It cannot be disputed that CR 60(e)(3) imposed a duty on Kimzey to serve the motion to vacate upon Demopolis, if service was possible. The apparent purpose of the rule is purely to provide notice to an opposing party. Thus, a modification or vacation of a judgment may not be entered when the adversary party to the motion to vacate has not been properly served and fails to appear for the motion. *In re Marriage of Moore,* 53 Wn. App. 687, 769 P.2d 881 (1989) (invalidated modification of divorce decree because adversary party to motion to modify resided outside state, received a 20–day rather than 60–day summons to respond, and failed to appear for the motion). However, when a copy of the motion is received by the attorney for the adversary party, who has recently filed papers relating to the same action, and the party appears and defends the motion, as was the case here, it is clear that the party had adequate notice of the motion to vacate. If the adversary party has insufficient time to prepare for the motion because of defective service, this objection can be made so that the trial court can grant a continuance. Demopolis's lawyer received a copy of the motion more than a week before the scheduled hearing date and never argued that he had insufficient time to prepare. The length and thoroughness of his memorandum filed in opposition to the motion indicated that he had ample time. Thus, we believe any

irregularity occasioned by Kimzey's failure to serve Demopolis personally with the motion did not affect his ability to respond. Undeniably, the service requirement of CR 60(e) is important. A motion to vacate might be brought at a time when the party who obtained the judgment believes the case is concluded and no longer engages the services of the lawyer who originally pursued the matter. Being served with the motion ensures that the party is given notice of the reopening of the proceedings. As long as the party has a meaningful opportunity to be heard and adequate time to prepare, this technical deviation from proper procedure is inconsequential. As our Supreme Court remarked when it permitted a departure from the procedure required by CR 60:

> There was a violation of CR 60 in this case. But the rules are to be construed to secure the just determination of every action. CR 1.

*Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 583, 599 P.2d 1289 (1979). Kimzey's failure to comply with CR 60(e) does not raise a jurisdictional issue. Demopolis had adequate notice of the motion and was not prejudiced by the procedural defect. Under these facts, Kimzey's failure to serve him is a harmless deviation from CR 60(e)(3).

### VACATION OF DEFAULT JUDGMENT

When the trial court vacated the default judgment, it expressed several reasons for the decision: that the "judgment was procured through mistake, inadvertence, surprise, excusable neglect or irregularity; fraud; and other reasons justifying relief." CR 60, creating a general framework for motions to vacate, provides in relevant part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) Mistakes, inadvertence, surprise, excusable neglect, or irregularity in obtaining a judgment or order;
> . . . .

(4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(5) The judgment is void;

. . . .

(11) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time and for reasons (1), (2), or (3) not more than 1 year after the judgment, order, or proceeding was entered or taken.

■■ Default judgments are disfavored, and therefore, a trial court should "exercise its authority 'liberally, as well as equitably, to the end that substantial rights be preserved and justice between the parties be fairly and judiciously done.'" *Griggs,* 92 Wn.2d at 582 (1979) (quoting *White v. Holm,* 73 Wn.2d 348, 351, 438 P.2d 581 (1968)). On appeal, a trial court's disposition of a motion to vacate will not be disturbed unless it clearly appears that it abused its discretion; abuse of discretion is less likely to be found when a default judgment is set aside. *Griggs,* at 582. Abuse of discretion means that the trial court exercised its discretion on untenable grounds or for untenable reasons, or that the discretionary act was manifestly unreasonable. *Coggle v. Snow,* 56 Wn. App. 499, 507, 784 P.2d 554 (1990). Demopolis argues that because the trial court heard no oral evidence when it decided the motion to vacate, the standard of review on appeal should be de novo. Demopolis correctly asserts that no deference must be given to a trial court's finding of fact with respect to documentary evidence. *See In re Estate of Reilly,* 78 Wn.2d 623, 654, 479 P.2d 1, 48 A.L.R.3d 902 (1970). However, we note that the discretionary judgment of a trial court of whether to vacate a judgment is a decision upon which reasonable minds can sometimes differ. For this reason, if the discretionary judgment of the trial court is based upon tenable grounds and is within the bounds of reasonableness, it must be upheld. *See generally Coggle.*

### 1. CR 60(b)(1).

Motions to vacate based on CR 60(b)(1) must be made within 1 year of the entry of a judgment. CR 60. Because Kimzey brought the motion more than a year after the judgment was entered, CR 60(b)(1) grounds do not apply here. *Peoples State Bank v. Hickey,* 55 Wn. App. 367, 370, 777 P.2d 1056, *review denied,* 113 Wn.2d 1029 (1989); *Hayward v. Hansen,* 29 Wn. App. 400, 404, 628 P.2d 1326 (1981), *aff'd in pertinent part,* 97 Wn.2d 614, 647 P.2d 1030 (1982).

### 2. CR 60(b)(4).

Subsection (4) of CR 60(b) authorizes a trial court to vacate a judgment for fraud, misrepresentation, or other misconduct of an adverse party. The rule does not, however permit a party to assert an underlying cause of action for fraud that does not relate to the procurement of the judgment. *See In re Adamec,* 100 Wn.2d 166, 178, 667 P.2d 1085 (1983). Thus, the fraudulent conduct or misrepresentation must *cause* the entry of the judgment such that the losing party was prevented from fully and fairly presenting its case or defense. *Peoples State Bank,* 55 Wn. App. at 372. The party attacking a judgment under CR 60(b)(4) must establish the fraud, misrepresentation, or other misconduct by clear and convincing evidence.

We find no indication in the record that the default judgment was entered as a result of fraud, misrepresentation, or misconduct by one of Kimzey's adversaries. Therefore, the record does not justify a vacation of the judgment on the ground that it was procured by fraud.

### 3. CR 60(b)(5).

■ CR 60(b)(5) authorizes vacations of void judgments. Motions to vacate void judgments may be brought at any time and a party does not waive this challenge merely because time has elapsed. *In re Marriage of Leslie,* 112 Wn.2d 612, 618–19, 772 P.2d 1013 (1989).

■■ The validity of a default judgment requires that a proper summons was served upon the defaulting party. It is

the summons alone which conveys to a defendant that failing to appear and defend can result in the entry of a default judgment. The default judgment is void if Kimzey did not receive a proper summons. CR 4 requires service of a summons that is signed and dated by a plaintiff. Although the rule provides that no summons is required with a counterclaim or a cross claim against a person already a party to a suit, the rule contains no exception for a third party defendant. *See* CR 4. Thus, while Demopolis had no duty to serve Lindgren with a summons because she was already a party to the suit, he was obliged to serve Kimzey with one.

CR 5(d)(1) requires all pleadings that must be served upon parties to be filed. The summons is such a document. In addition, under RCW 4.16.170, a party must file a copy of the same summons which was served. *See Nearing v. Golden State Foods,* 114 Wn.2d 817, 792 P.2d 500 (1990) (Dore, J., dissenting). While the record contains a third party complaint directed to Kimzey, no summons appears in the file. In her affidavit in support of the motion to vacate, Kimzey asserted that she had no notice that Demopolis intended to move for default. Kimzey did aver, however, that she was handed a summons by Demopolis. At oral argument, counsel for Demopolis conceded that he designated everything in the Superior Court file that "looked possibly relevant" and indicated that it did not appear that the summons was filed.

The lack of summons in the file justifies an affirmance of the vacation of the default judgment. Without the benefit of the summons in the court file, we have no way to determine whether Kimzey was properly notified. Having only her affidavit which states that she had no notice that Demopolis intended to move for default, the only reasonable conclusion is that the summons was defective. We conclude that Kimzey's affidavit combined with the lack of summons in the file supports the conclusion that Demopolis

served an invalid summons upon Kimzey. The default judgment was properly vacated under CR 60(b)(5).[2]

## ATTORNEY'S FEES

■ RCW 6.27.230 provides for mandatory assessment of attorney's fees to a party who successfully opposes a writ of garnishment. *Hinote's Home Furnishings, Inc. v. Olney & Pederson, Inc.,* 40 Wn. App. 879, 886, 700 P.2d 1208 (1985). In his reply brief, Demopolis does not dispute that attorney's fees were properly imposed against him. Kimzey asserts that in order to quash the garnishment, she needed to successfully vacate the default judgment. She reasons that the trial court should have awarded all of her fees, not just those expended to quash the garnishment. We agree. It logically follows that if Kimzey had a right to attorney's fees to oppose the garnishment, and to do so required her to vacate the underlying judgment, she was entitled to all of her attorney's fees.

Kimzey also asserts that her attorney's fees expended responding to Demopolis's motion for reconsideration were also part of her effort to quash the garnishment, and therefore, the trial court had a duty to award those fees as well. Demopolis's response is that his motion for reconsideration was not frivolous. Demopolis fails to address the language contained in the garnishment statute: a prevailing party is entitled to attorney's fees regardless of whether the opposing party has presented frivolous arguments. The statute requires imposition of attorney's fees and gives the trial court no discretion to deny such fees in this circumstance. *See Hinote's Home Furnishings,* 40 Wn. App. at 886; *Caplan v. Sullivan,* 37 Wn. App. 289, 294, 679 P.2d 949 (1984). Responding to Demopolis's motion for reconsideration was

---

[2]Although the trial court did not base its vacation of the default judgment on this basis, this court may nevertheless affirm on this ground. Demopolis correctly conceded in his brief that a trial court may be affirmed on any ground within the pleadings and proof. *Wendle v. Farrow,* 102 Wn.2d 380, 382, 686 P.2d 480 (1984). Kimzey's motion to vacate specifically raised the issue that the judgment was void.

part of Kimzey's effort to dismiss the garnishment. The trial court should have awarded attorney's fees in responding to the motion for reconsideration.

Kimzey has also sought attorney's fees on appeal. RAP 18.1(a) provides that if a party prevails on appeal and was entitled to attorney's fees at trial, the party may properly seek fees on appeal. Award of attorney fees under RCW 6.27.230 is a proper basis upon which to award attorney's fees on appeal. *Hinote's,* 40 Wn. App. at 887. Kimzey's counsel has submitted an affidavit detailing the attorney's fees expended at the trial court level and also on appeal. Demopolis has not contested the validity of the figures and we do not find them excessive. We therefore award Kimzey $19,589.25 in fees—comprising both the fees incurred below which were not reimbursed and her fees incurred defending this appeal.

We affirm the trial court's vacation of the default judgment and award Kimzey additional attorney's fees.

SCHOLFIELD and WINSOR, JJ., concur.

Reconsideration denied October 17, 1990.

Review denied at 116 Wn.2d 1010 (1991).