
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| TIMOTHY P. MERRIMAN, | ) | No. 76860-3-I |
| Appellant, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| WHATCOM COUNTY, | ) ) | |
| Respondent. | ) ) | FILED: June 18, 2018 |

APPELWICK, C.J. — Merriman argues that the trial court abused its discretion in denying his motion for relief from judgment. We affirm.

## FACTS

Timothy Merriman resigned from his employment at Whatcom County (County). The resignation followed a lengthy history of paid leave and accommodation generally related to Merriman's disability. In 2009, Merriman filed suit alleging a hostile work environment, wrongful discharge, and disability discrimination, among other claims. The County successfully moved to dismiss under CR 12(c).

The trial court then permitted Merriman to amend his complaint, and Merriman added claims for failure to accommodate and constructive discharge. The trial court dismissed these added claims on summary judgment, and this court affirmed. This court discussed the substantive facts in detail in a prior opinion,

Merriman v. Whatcom County, No. 69295-0-I (Wash. Ct. App. Sep. 9, 2013) (unpublished), http://www.courts.wa.gov/opinions/pdf/692950.pdf.

In 2016, three years after this court affirmed summary judgment, Merriman moved under CR 60 for relief from judgment obtained through fraud. The trial court denied this motion and Merriman's motion for reconsideration. Merriman appeals.

DISCUSSION

Merriman makes one overarching argument: that the trial court erred in denying his motion for relief from judgment. He makes a number of additional arguments that do not go directly to the validity the denial.

I.    CR 60(b)

CR 60(b) provides various grounds for a trial court to set aside a judgment. Under CR 60(b), motions under sections (b)(1), (b)(2), and (b)(3) must be brought within one year of the judgment. Merriman brought his CR 60(b) motion over one year after judgment. Therefore, these forms of relief are unavailable to him. Of the remaining options, he argues for relief under CR 60(b)(4), and CR 60(b)(5).

CR 60(b)(4) authorizes a trial court to vacate a judgment for fraud, misrepresentation, or other misconduct of an adverse party. The fraudulent conduct or misrepresentation must cause the entry of the judgment such that the losing party was prevented from fully and fairly presenting its case or defense. Lindgren v. Lindgren, 58 Wn. App. 588, 596, 794 P.2d 526 (1990).

The party attacking a judgment under CR 60(b)(4) must establish the fraud, misrepresentation, or other misconduct by clear and convincing evidence. Lindgren, 58 Wn. App. at 596. And, on appeal, a trial court's disposition of a motion

2

to vacate will not be disturbed unless it clearly appears that it abused its discretion. Id. at 595. Abuse of discretion means that the trial court exercised its discretion on untenable grounds or for untenable reasons, or that the discretionary act was manifestly unreasonable. Id.

Merriman alleges the County committed fraud in at least two ways. First, he argues that the County inadequately responded to a public records request that he submitted for any records discussing Merriman, and also wrongfully withheld certain other documents. The County produced only a limited amount of records in response to a public records request from Merriman, because it deemed much of the responsive records exempt from public disclosure. This, Merriman claims, was fraud.

Second, he argues that Whatcom County introduced "sham" letters sent to Merriman regarding the availability of paid leave. He claims that these letters were substantively inaccurate regarding the amount of leave available to Merriman, and that Merriman in fact had more leave available than the County led him to believe. He also claims that the letters downplayed Merriman's willingness to return to work, and exaggerated the County's generosity.

Merriman argues that the trial court did not adequately address CR 60(b)(5), which allows a trial court to vacate a judgment that is void. Merriman cites authority holding that judgments obtained through fraud are void. Therefore, he argues that CR 60(b)(5), like CR 60(b)(4), allows for vacation of judgments obtained through fraud. But, if the fraud alleged by Merriman indeed occurred here, CR 60(b)(4) would be an independently adequate ground for vacation of the judgment. Even if

CR 60(b)(5) applied, its application would be superfluous to CR 60(b)(4), and thus unnecessary. The trial court did not err in declining to address CR 60(b)(5).

Merriman also contends that the trial court failed to adhere to a policy of deterring discovery abuses, and cites a federal case, Rozier v. Ford Motor Co., 573 F.2d 1332, 1346 (5th Cir. 1978) in support.[1] In July 2016, Merriman provided a declaration from a County employee who attested to the amount of responsive documents that that employee possessed. The County did not produce some e-mails, because many of those records came from the judicial branch, and thus were exempt. Production of records under the public records act is not the same as discovery under the civil rules, and thus does not amount to discovery fraud. See Limstrom v. Ladenburg, 136 Wn.2d 595, 614 n.9, 963 P.2d 869 (1998) ("[T]he public records act was not intended to be used as a tool for pretrial discovery.").

Merriman also makes a brief reference the County's withholding of certain e-mails in response to requests for production in discovery as a basis for finding fraud. In his motion below, he alleged that a public records request proved that the County had hundreds of e-mails pertaining to Merriman, but it produced only six in response to his discovery request. The six documents produced had footers that Merriman argued below, from personal knowledge, meant they were the result of a search of a limited data base that didn't include the contents of desktop

---

[1] Merriman further argues that the trial court erred by relying on Peoples State Bank v. Hickey, 55 Wn. App. 367, 777 P.2d 1056 (1989). That case involved vacation of a default judgment. Id. at 370. He argues that his case, which did not involve a default judgment, is inherently different. But, the court did not mention the case in either its oral ruling or in its written order denying Merriman's motion. Even if the case is distinguishable, there is no indication that the court relied on the case. This argument therefore fails.

machines. He asserts that the County's attorney should have recognized this alleged deficiency in the search and production. Therefore, he argues, it was a fraud on the trial court to certify the discovery produced.

But, these facts were known at the time of trial and could have been resolved factually at that time. Merriman identifies nothing that prevented him from doing so at the time. The mere possibility of a discovery violation does not prove discovery fraud.

The same is true for his argument regarding fraudulent letters. The letters were written years before the original complaint was filed, not in response to it. If, as Merriman claims, the letters were substantively erroneous, he knew of the alleged inaccuracies at the time of the initial summary judgment and had the opportunity to respond to them. Inaccuracies in the letters, standing alone, do not prove a fraud on the trial court under CR 60(b)(4).

Rejecting the claim of fraud was not an abuse of discretion by the trial court.

II. Remaining Arguments

Merriman argues that the trial court used word choices three separate times during the hearing below that amount to error. First, he contends that the trial court erred by referring to the "issues" before it, rather than an "issue" before it. Second, he contends that the trial court erred, because the trial court referred to the issue before it as "motions for relief." Third, he contends that the trial court made conflicting statements by stating that it had "largely digested" the relevant pleadings, but also had "reviewed at length" the relevant materials. But, the trial

court's word choice in these instances does not demonstrate error or abuse of discretion.

Finally, Merriman argues that the trial court erred by making no mention in its order of whether a fraud occurred, or whether Merriman timely brought his CR 60(b) motion. But, CR 52(a)(5) states the general rule that a trial court need not enter findings of fact and conclusions of law in deciding a motion. Merriman cites no authority instructing that this case is an exception. The trial court's order is sufficient.

Merriman has failed to establish that the trial court abused its discretion in holding that relief under CR 60(b) was not warranted.

We affirm.

WE CONCUR:

_Appelwick, C.J._

_Trickey, J_

_Becker, J._

6