IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ALINA FAROOQ,<br><br>Respondent,<br><br>v.<br><br>AZEEM KHAN,<br><br>Appellant. | No. 77974-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: March 2, 2020 |

CHUN, J. — In December 2016, the trial court ruled Alina Farooq could relocate with her son D.K. from Washington State to Atlanta, Georgia. The trial court entered a relocation order and a temporary parenting plan, and it scheduled a review hearing for December 2017. At the review hearing, Azeem Khan, D.K.'s father, claimed that Farooq had induced the trial court to enter the relocation order by means of fraud, and he moved to vacate the order. The trial court denied the request and entered a final parenting plan. Khan then appealed. Because we conclude the trial court did not abuse its discretion by declining to vacate the relocation order, we affirm.

## I. BACKGROUND

In December 2016, the superior court held a trial to determine whether to grant Farooq's request to relocate with her son D.K. from Washington State to Atlanta, Georgia. Khan opposed the request. On December 29, 2016, the trial

court entered a *final* order allowing relocation and a temporary parenting plan. In reaching its conclusion, the trial court weighed the statutory relocation factors under RCW 26.09.520; and, in weighing those factors, noted, among other things, that Farooq had better financial prospects in Atlanta. The trial court additionally set a review hearing for December 26, 2017, and indicated that if either party were not following the temporary parenting plan, it would revise the parenting plan at that hearing. Khan did not move for reconsideration of the relocation order or temporary parenting plan. Although he initially appealed the temporary parenting plan, he abandoned that appeal. See Khan v. Farooq, No. 76378-4 (Wash. Ct. App. dismissed May 3, 2017).

At the review hearing in December 2017, Khan claimed that, during the relocation hearing, Farooq had misled the court about her ability to find work in Washington State, and asked the court to vacate the relocation order on that ground. Farooq conceded that she had worked as a short-term contractor in Washington in 2016. In its oral ruling, the trial court indicated that, although Farooq had misrepresented her financial circumstances during the relocation hearing, it would not disturb the relocation order because allowing D.K. to remain in Atlanta served his best interests. The court then entered a final parenting plan.

On January 24, 2018, Khan purported to appeal the final parenting plan, the 2016 relocation order, and the temporary parenting plan.

## II. ANALYSIS

Khan argues we should reverse the trial court's relocation ruling because it improperly weighed the factors for relocation, and because Farooq misled the trial court as to her ability to find work in Washington State.[1] Because we determine the trial court did not abuse its discretion in denying Khan's motion to vacate the relocation order, we affirm.[2]

Khan argued to the trial court that Farooq had misled the court about her ability to find work in Washington State and he requested vacatur of the final relocation order on that ground. Essentially, his request constituted a CR 60(b) motion. We review a trial court's decision on a motion to vacate under CR 60(b) for an abuse of discretion. Jones v. City of Seattle, 179 Wn.2d 322, 369, 314 P.3d 380 (2013). A trial court abuses its discretion where its decision is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. In re Schuoler, 106 Wn.2d 500, 512, 723 P.2d 1103 (1986). A trial court has "considerable discretion" in their disposition of motions under CR 60(b). Jones, 179 Wn.2d at 361.

---

[1] In his opening brief, Khan raised two additional issues regarding the constitutionality of RCW 26.09 and compensation for travel to Atlanta. Khan abandoned those two issues in his reply brief.

[2] As discussed below, Khan's request was essentially a CR 60(b) motion. "An appeal from the denial of a CR 60(b) motion is not a substitute for an appeal and is limited to the propriety of the denial, not the impropriety of the underlying order." In re Dependency of J.M.R., 160 Wn. App. 929, 938 n.4, 249 P.3d 193 (2011). Thus, only the trial court's denial of Khan's CR 60(b) motion, and not Khan's appeal of the trial court's weighing of the statutory relocation factors, is properly before the court.

For a court to relieve a party from final judgment or order on the basis of fraud, misrepresentation, or misconduct of an adverse party, the moving party must establish such by clear and convincing evidence. Lindgren v. Lindgren, 58 Wn. App. 588, 596, 794 P.2d 526 (1990); CR 60(b)(4). Relief under CR 60(b)(4) is authorized only if the alleged fraud actually caused the entry of judgment "such that the losing party was prevented from fully and fairly presenting its case or defense." Lindgren, 58 Wn. App. at 596.

At the review hearing, Farooq conceded that, contrary to what she had said at the relocation hearing, she worked as a short-term contractor in Washington State in 2016. But in its oral ruling at the relocation hearing, the trial court emphasized that it was not just Farooq's inability to find work in Washington State that led it to enter the relocation order. The trial court, at the review hearing, accepted Khan's contention that Farooq had misrepresented her financial circumstances and the difficulties she had finding work in Washington State. Nevertheless, the trial court further indicated that the task before it was to determine whether allowing D.K. to remain in Atlanta served his best interests. The court recognized the fact that D.K. would see his father less if he remained in Atlanta. But it determined that allowing D.K. to remain served his best interests, because Atlanta has a lower cost of living, he has a number of relatives on Farooq's side in Atlanta, and he has integrated into his school and social setting in Atlanta. Thus, the trial court declined to vacate the relocation order. The trial court's determination that the evidence of fraud would not alter its

determination of D.K.'s best interests fell within its "considerable discretion." <u>See</u> <u>Jones</u>, 179 Wn.2d at 361. We thus decline to vacate the relocation order.

Affirmed.

_____ Chun, J.

WE CONCUR:

_____          _____
Leach, J.