IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 37264-2-III |
| | ) | |
| THAO THI THU NGUYEN, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| AN NGOC NGUYEN, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — An Ngoc Nguyen appeals after the trial court partially

vacated the parties' decree of dissolution and, one year later, entered an amended property

award. We affirm in part, but remand for the trial court to enter adequate findings of fact

and conclusions of law to support its attorney fee award in favor of Thao Thi Thu

Nguyen.

FACTS

An Ngoc Nguyen and Thao Nguyen were married in 2001. During their marriage,

Ms. Nguyen owned a nail salon, and Mr. Nguyen initially worked at a lumber mill. After

being laid off from the lumber mill, he worked as the business manager for his wife's nail

salon. The couple had two children.

During the marriage, the couple purchased three properties together: a vacant lot

that was going to be used for the nail salon, a single family house in Tacoma, and another

single family house in Lacey. At the time of the dissolution, there was no mortgage on

the vacant lot or the Tacoma property. The Lacey property had an outstanding mortgage

of $180,000.

In early 2014, the Nguyens agreed to an amicable divorce. They sold their vacant

lot and agreed on how to divide the proceeds. In March 2014, Mr. Nguyen recorded a

quitclaim deed in Thurston County, purportedly transferring Ms. Nguyen's interests in the

Tacoma and the Lacey properties to him. We attach the deed as an appendix to this

opinion.

In April 2017, the parties signed an agreed petition for dissolution of marriage and

filed it in Lincoln County. With respect to the division of real property, the agreed

petition stated: "All community [real] property, if any, has been divided without contest."

Clerk's Papers (CP) at 11.

Three months later, in July 2014, the parties signed agreed findings of fact and

conclusions of law, the decree of dissolution, and sent those pleadings to the Lincoln

2

County Superior Court where they were subsequently signed by a judge and entered. The pleadings again stated: "All community [real] property, if any, has been divided without contest." CP at 24, 35.

In March 2018, Ms. Nguyen filed a complaint, seeking to partially vacate the divorce decree pursuant to CR 60(c).[1] Her complaint was filed in the 2014 cause and the parties treated it as a motion rather than a separate proceeding.

The motion, based on CR 60(c) and (e), was supported by a declaration signed by Ms. Nguyen. She explained that in 2014, she and her former husband agreed that he would have the Tacoma property and she would initially keep her interest in the Lacey property. She explained that when Mr. Nguyen sold the Tacoma property, he would buy out her equity in the Lacey property and she would quitclaim that property to him. But three years later, when he sold the Tacoma property, he offered her only $50,000, despite the equity now being around $150,000. According to Ms. Nguyen, Mr. Nguyen tried to buy her out for less than agreed by claiming she had quitclaimed her interest in the Lacey property to him in the March 2014 deed.

---

[1] CR 60(c) provides that CR 60 does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding.

3

Mr. Nguyen responded that real estate prices had greatly appreciated in the past three years, and his former wife was attempting to obtain the increased equity in the property despite his payment of the mortgage, taxes, and other property expenses during that time. He argued that Ms. Nguyen's motion, filed almost three years after the decree, was untimely. He also argued that her assertions that she did not intend to convey her interest in the Lacey property to him violated the statute of frauds.

Ms. Nguyen then filed an amended motion, clarifying that she was now relying upon CR 60(b)(4), (5), and (11). She further explained the circumstances behind her signing the deed. According to her, the version of the deed she signed had only the first two pages without any legal descriptions. And although the top of the first page reflected two parcel numbers, the document said that it transferred only the Tacoma property.

In November 2018, the trial court partially vacated the divorce decree. In its written order, the court explained: "The . . . Lacey [property] was not properly described in the Quit Claim Deed . . . and not referenced in the Decree of Dissolution . . . therefore the Decree is hereby partially vacated as to such real property to be address[ed] at a trial to be subsequently determined." CP at 135.

The trial occurred one year later. The trial court heard testimony and entered findings of fact and conclusions of law. The court awarded the Lacey property to Ms.

4

Nguyen and valued the equity of that property at $100,000. It found the net property award to Ms. Nguyen was $151,500 and the net property award to Mr. Nguyen was $280,000. In addition, the trial court awarded Ms. Nguyen $12,000 in attorney fees. There are no findings of fact or conclusions of law supporting the award of attorney fees.

Mr. Nguyen timely appealed.

## ANALYSIS

### PARTITION ARGUMENT RAISED FOR FIRST TIME ON APPEAL

Mr. Nguyen first contends the trial court erred by granting the motion to partially vacate the decree. He claims the trial court concluded that the Lacey property was undistributed, that divorced persons own undistributed property as tenants in common, and the correct way of dividing such property is an action for partition in the county where the property is located. He did not raise this partition argument below.

In general, we decline to consider an argument raised for the first time on appeal. RAP 2.5(a). The purposes of this rule are to encourage parties to raise issues below so the trial court has an opportunity to correct any error before it becomes an issue on appeal and to promote the important policies of economy and finality. *Wilcox v. Basehore*, 187 Wn.2d 772, 788, 389 P.3d 531 (2017). For these purposes, we decline to consider Mr. Nguyen's argument.

5

TIMELINESS OF MOTION

Mr. Nguyen next contends the trial court erred by granting the motion to partially

vacate the decree because it was not brought within a reasonable time.

"A motion to vacate is addressed to the sound discretion of the trial court." *Jones*

*v. City of Seattle*, 179 Wn.2d 322, 360, 314 P.3d 380 (2013). Motions to vacate under

CR 60(b)(4), (5), and (11) must be made within a reasonable time. CR 60(b).

Here, Ms. Nguyen brought her motion to vacate soon after learning that her former

husband would not buy out her equity in the Lacy property as orally promised. The fact

that Mr. Nguyen offered her $50,000 arguably shows he had a collateral agreement yet to

fulfill. Further, it is uncontested that Ms. Nguyen did not know the March 2014 deed

purported to convey her interest in the Lacey property. In fact, the only language in the

deed that explicitly transferred property said the property being transferred was the

Tacoma property. The conveyance language makes no mention of the Lacey property.

Mr. Nguyen argues he was greatly prejudiced by the trial court's decision to

partially vacate the decree years after it was entered. He complains that he paid the

mortgage, property taxes, and maintenance expenses on the Lacey property for four years.

But the property was leased during most of the time Mr. Nguyen paid these amounts. We

are confident that he alone received the rental payments during that time.[2]

We conclude that the trial court did not abuse its discretion in determining that Ms.

Nguyen's motion was timely.

LEGAL BASIS FOR MOTION

Mr. Nguyen contends that Ms. Nguyen failed to provide a factual basis for relief

under CR 60(b)(4). We disagree.

To set aside a judgment under CR 60(b)(4), a moving party has the burden to show

by clear, cogent, and convincing evidence that the judgment was obtained by fraud,

misrepresentation, or misconduct of an adverse party. *Peoples State Bank v. Hickey*,

55 Wn. App. 367, 371-72, 777 P.2d 1056 (1989). The fraud, misrepresentation, or

misconduct must cause the entry of the judgment. *Lindgren v. Lindgren*, 58 Wn. App.

588, 596, 794 P.2d 526 (1990).

In support of her motion to vacate, Ms. Nguyen asserted that Mr. Nguyen tricked

her into signing the March 2014 deed and later added both properties' legal descriptions.

This assertion is supported by the language of the conveyance itself, which is limited to

---

[2] If he had shared the lease payments with Ms. Nguyen, she would have said so to support her assertion that Mr. Nguyen recognized her continued interest in the Lacey property.

the Tacoma property. She further asserted that Mr. Nguyen had agreed to buy out her equity in the Lacey property after he sold the Tacoma property. This assertion is supported by evidence that Mr. Nguyen offered her $50,000 after the sale of the Tacoma property. Finally, had Ms. Nguyen known that Mr. Nguyen added the legal description of the Lacey property to the deed after she signed it, she probably would not have trusted him and signed the July 2014 agreed decree of dissolution. We conclude that Ms. Nguyen presented clear, cogent, and convincing evidence that Mr. Nguyen engaged in misrepresentation or misconduct to obtain her signature on the agreed decree of dissolution.

Relatedly, Mr. Nguyen asserts "the trial court granted the motion to vacate for untenable reasons when it did so without making any findings related to fraud, misrepresentation, or misconduct." Br. of Appellant at 20-21. He does not argue this point beyond that one sentence, and he fails to cite any authority to support his implied assertion that reversal is the appropriate remedy. We generally refuse to address issues not adequately briefed or argued. *Ameriquest Mortg. Co. v. Attorney Gen.*, 148 Wn. App. 145, 166, 199 P.3d 468 (2009), *aff'd on other grounds*, 170 Wn.2d 418, 241 P.3d 1245 (2010). We decline to address this related argument.

CLAIMS OF ERROR IN AWARDING LACEY PROPERTY TO MS. NGUYEN

Mr. Nguyen raises several claims of error under the general contention that the trial court erred in awarding property to his former wife. We address the claims in the order raised.

Mr. Nguyen first claims the trial court erred during its oral ruling when it stated that it had earlier vacated the quitclaim deed when it partially vacated the decree of dissolution. We agree. The trial court's order partially vacating the decree of dissolution did not vacate the deed. But the trial court did eventually award the Lacey property to Ms. Nguyen and this will require Mr. Nguyen to execute a quitclaim deed of that property to her.

Mr. Nguyen next claims the trial court erred because only a partition action was available to Ms. Nguyen. We previously declined to review this argument because it was not raised below.

Mr. Nguyen further claims the trial court erred when it equalized the parties' property pursuant to current property values rather than the values at the time of dissolution. He withdraws this argument in his reply brief.

Mr. Nguyen's final claim under this section is that the trial court erred by failing to address his request for reimbursement for the mortgage, tax, and other payments he made for the Lacey property after the 2014 decree. He cites no authority for his argument. Nevertheless, whatever right of reimbursement he had, it existed in equity only. *See Davenport v. Wash. Educ. Ass'n*, 147 Wn. App. 704, 723-35, 197 P.3d 686 (2008) (discussing unjust enrichment and common law right of restitution). The first rule of equity is one who seeks equity must do equity. *Columbia Cmty. Bank v. Newman Park, LLC*, 177 Wn.2d 566, 581, 304 P.3d 472 (2013). Mr. Nguyen never offered to offset the rent payments he received from the Lacey property from his reimbursement claim. He was not entitled to equitable relief.

ATTORNEY FEES AT TRIAL

Mr. Nguyen contends the trial court erred when it awarded attorney fees to Ms. Nguyen. He argues there are no findings of fact or conclusions of law supporting why fees were awarded or how the trial court arrived at the amount ordered. We agree.

Where a trial court fails to enter adequate findings of fact and conclusions of law supporting an award of attorney fees, the proper remedy is to remand for entry of adequate findings and conclusions. *Mahler v. Szucs*, 135 Wn.2d 398, 435, 957 P.2d 632

10

(1998).  We therefore remand for this purpose.  If the trial court believes the facts and the

law do not warrant such an award, it has discretion to withdraw its award.

ATTORNEY FEES ON APPEAL

Both parties request attorney fees on appeal and argue the other has been

intransigent.  We decline to award fees to either party.  This is because, ultimately, the

trial court did not find that Mr. Nguyen misrepresented anything to Ms. Nguyen.

The trial court concluded that both parties had a fiduciary duty toward the other in

the agreed dissolution and found that Mr. Nguyen failed in this duty.  It further found Mr.

Nguyen "may have believed the intent of his Quit Claim Deed [was to transfer both

properties] but there was no indication to others that the intent of said deed was to address

the [Lacey] property."  CP at 173 (Finding of Fact 17).[3]  Because the trial court did not

find intransigence, neither will we.

---

[3] In his reply brief, Mr. Nguyen faults Ms. Nguyen for often using the trial court's posttrial 2019 findings of fact to support its 2018 order partially vacating the decree of dissolution.  We agree.  The findings in 2019 cannot be used to support the 2018 order. Similarly, the 2019 findings cannot be use to *impeach* the 2018 order.  For this reason, Mr. Nguyen cannot use the trial court's 2019 finding that he (merely) failed to comply with his fiduciary duty to impeach the factual basis of its 2018 order, premised on fraud, misrepresentation, or misconduct.

No. 37264-2-III
*Marr. of Nguyen*


Affirmed in part; remanded.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:


_____          _____
Siddoway, A.C.J.                          Staab, J.

APPENDIX

4585781 Page 2 of 5 03/31/2014 1_.57 AM Thurston County WA

31 MAR '14 522995

**Thurston County Treasurer**

Real Estate Excise Tax Paid _____

By _____ Deputy

Recording requested by: _____
When recorded, mail to:

NGUYEN AN NGOC
3114 S 56 TH ST
TACOMA, WA 98409
_____

Space above for Recorder's Use Only

Title Order # _____

Escrow # _____

Document Prepared by: _____

# Quitclaim Deed

The undersigned Grantor(s) declare:

The Document Transfer Tax is $ _____

Assessor's Parcel # 76520018200' & 11815120400

___ Unincorporated Area   or   ___ City of LACEY

___ Tax computed on full value of property conveyed, or

___ Tax computed on full value less value of liens or encumbrances remaining at time of sale

This Quitclaim Deed is made on _____, between
NGUYEN THAO THI-THU , Grantor(s), of 3114 S 56 TH ST
TACOMA, WA 98409 (address), and NGUYEN AN NGOC,
Grantee(s), of 3114 S 56 TH ST TACOMA, WA 98409 (address).

For valuable consideration, the receipt of which is hereby acknowledged, the Grantor(s) hereby quitclaims
and transfers all right, title, and interest held by the Grantor in the following described real estate and
improvements to the Grantee(s), and his or her heirs and assigns, to have and hold forever, located at
3114 S 56 TH ST TACOMA , State of WA 98409 :

California Quitclaim Deed Pg.1 (11-12)

13

4585781  Page 3 of 5 03/31/2014 1:37 AM Thurston County WA

Subject to all easements, rights of way, protective covenants, and mineral reservations of record, if any.
Taxes for the tax year of 2014 shall be prorated between the Grantor and Grantee as of the date of recording of this deed.

Dated: 03 - 29 - 2014

_____
Signature of Grantor

_____
Signature of Grantor

NGUYEN THAO THI-THU
Name of Grantor

_____
Name of Grantor

State of ~~California~~ WASHINGTON
County of ___PIERCE___ } S.S.
On ___3/29/14___, before me, ___TROY ALLISON___
(name and title of notary), personally appeared ___THAO THI-THU NGUYEN___,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are sub-
scribed to the above instrument and acknowledged to me that they/he/she executed the instrument in their/
his/her authorized capacity. I certify under penalty of perjury under the laws of the State of California that
the foregoing is true and correct. Witness my hand and official seal.

_____
Notary Signature

Notary Public
State of Washington
TROY L ALLISON
MY COMMISSION EXPIRES
April 18, 2014

California Quitclaim Deed Pg.2 (11-12)

CHICAGO TITLE INSURANCE COMPANY
A.L.T.A. COMMITMENT
## SCHEDULE A
(Continued)

Order No.: 2054958
Your No.:

LEGAL DESCRIPTION EXHIBIT
(Paragraph 4 of Schedule A continuation)

LOT 187 OF STONEGATE AT AVONLEA DIVISION 5, AS RECORDED JUNE 9, 2006 UNDER AUDITOR'S FILE NO. 3836891.

IN THURSTON COUNTY, WASHINGTON

CLTACMA6/RDA/0999

15

Filed for Record at Request of:
Fircrest Escrow, Inc.
Escrow Number: 2415062

Exhibit

## Statutory Warranty Deed

Grantor(s): GARY CROSTA and KAREN CROSTA
Grantee(s): AN NGOC NGUYEN and THAO THI THU NGUYEN
Abbreviated Legal:
PTN NW NE 15-18-1W
Assessor's Tax Parcel Number(s): 11815120400

THE GRANTOR GARY CROSTA and KAREN CROSTA, husband and wife for and in consideration of TEN DOLLARS AND OTHER GOOD AND VALUABLE CONSIDERATION in hand paid, conveys and warrants to AN NGOC NGUYEN and THAO THI THU NGUYEN, husband and wife the following described real estate, situated in the County of **Thurston**, State of Washington:

THE NORTH 210 FEET OF THE EAST 105 FEET OF THE WEST 331.9 FEET OF THAT PART OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF SECTION 15, TOWNSHIP 18 NORTH, RANGE 1 WEST, W.M., LYING EAST OF THE EAST LINE OF COUNTY ROAD KNOWN AS NEIL STREET; EXCEPTING THEREFROM THAT PART, IF ANY, LYING IN THE EAST 300 FEET OF SAID NORTHWEST QUARTER OF THE NORTHEAST QUARTER;
IN THURSTON COUNTY, WASHINGTON.

SUBJECT TO EASEMENTS, COVENANTS, CONDITIONS AND RESTRICTIONS AS PER EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Dated **December 7, 2004**

_____          _____
GARY CROSTA                        KAREN CROSTA

STATE OF ____Washington____ }
COUNTY OF ___PIERCE_____ } SS:

I certify that I know or have satisfactory evidence that **GARY CROSTA and KAREN CROSTA**

is/are the person(s) who appeared before me, and said person(s) acknowledged that ____**he/she/they**____ signed this instrument and acknowledge it to be ___**his/her/their**___ free and voluntary act for the uses and purposes mentioned in this instrument.

Dated: _____

BARBARA J. KOVAL
Notary Public in and for the State of Washington
Residing at TACOMA
My appointment expires: 1-4-06

4385781 Page 5 of 5 03/31/2014 10:57 AM Thurston County WA

LPB-10