FILED
4/29/2024
Court of Appeals
Division I
State of Washington

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| PEDRO NAVARRO,<br><br>     Appellant,<br><br>  v.<br><br>AUBURN POLICE DEPARTMENT;<br>THE CITY OF AUBURN,<br><br>     Respondents. | No. 85651-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Pedro Navarro requested public records under the Public Records Act (PRA), ch. 42.56 RCW from the City of Auburn (City) about a criminal investigation. After the City denied his request claiming the records were exempt from disclosure, Navarro sought judicial review. The trial court dismissed Navarro's action on summary judgment concluding that the records were exempt from disclosure because the investigation was ongoing. After ultimately obtaining the requested records, Navarro moved to vacate the summary judgment order arguing that the order was obtained by fraud, misrepresentation, or misconduct, under CR 60(b)(4). Navarro appeals the trial court's decision denying his motion to vacate. Because the investigation was open and active at the time of Navarro's request, the trial court did not abuse its discretion in denying the motion to vacate. We affirm.

I

In September 2019, a jogger was stopped in the early morning hours by a vehicle. The driver got out of the vehicle and pointed a handgun—later identified as a BB gun—at the jogger before returning the vehicle and driving off. Auburn Police Department Detective Rob Jones began investigating the event as an attempted robbery and assault. The vehicle was later identified as belonging to Navarro.

In June 2020, Navarro requested records of the investigation from the City under the PRA. The City denied Navarro's request claiming that the records were exempt from disclosure under RCW 42.56.240[1] and Newman v. King County, 133 Wn.2d 565, 573, 947 P.2d 712 (1997), because they related to an active police investigation. Navarro again requested the records in January 2021. The City again denied the request claiming that the investigation remained active.

Navarro sought judicial review of the City's denial of this record request in March 2021. The City moved for summary judgment arguing the exemption was proper under RCW 42.56.240(1) and Newman. In a supporting declaration, Detective Jones confirmed the investigation was ongoing:

> 6. Between January 18-28, 2021, I reviewed Auburn Police Department Case no. 19-11385 and confirmed that this continued to be an open and active criminal investigation. The Major Crimes Unit of the Auburn Police Department was continuing to work on this matter including but not limited to, interviewing potential witnesses and involved individuals.
>
> 7. In January of 2021, it remained vital for effective law enforcement to categorically exempt all case documents so that the release of this information would not influence the statements of involved persons or

---

[1] RCW 42.56.240 exempts from disclosure certain investigative, law enforcement, and crime victim records.

potentially jeopardize evidence. As of January 28, 2021, this case had not been referred to a prosecutor for a filing determination.[2]

The trial court granted the City's motion and dismissed Navarro's complaint with prejudice.

Navarro made a third unsuccessful request to the City for the records in September 2022. Following litigation, Navarro received the requested records in early June 2023. The last entry in Detective Jones's report was dated October 3, 2019, and concluded:

> Based on the information available at this time, there is no doubt that the listed suspect vehicle and subjects are involved in this crime. However, without the victim being able to identify the suspect, I am unable to establish enough suspect information to forward this case to the Prosecutor's Office for filing of criminal charges. I will attempt to contact Montrae and Juvenile BATTLE to see if they are willing to talk to me about this case and provide further suspect information.
>
> Disposition: Active.[3]

Following receipt of the records, Navarro moved to vacate the order granting summary judgment under CR 60(b)(4) and argued that the City committed perjury when Detective Jones testified that the investigation was ongoing.[4] According to Navarro, the active investigation ceased in October 2019. In opposition, the City argued that Navarro failed to show fraud, misrepresentation, or misconduct because the case was active and open given that Detective Jones could have continued investigating up until the 2022 statute of limitations.[5]

---

[2] Navarro unsuccessfully sought reconsideration.
[3] Detective Jones retired in May 2022.
[4] Navarro also cited CR 60(b)(11) but failed to argue "any other reason justifying relief."
[5] The City argued in the alternative that the motion was untimely and that the relief sought by Navarro was moot because he had received the requested records.

At the hearing on the motion, Auburn Assistant Chief of Police Sam Betts testified about his review of the case:

> Q. . . . if a police investigation is active and ongoing, why is it important to keep those investigative records from the public? . . .
> A. . . . because you'd have confidential information. . . . a confidential informant, you could have suspect information you're following-up on, evidentiary leads.
>           . . . .
> Q: . . . in your review, were there ongoing investigative work in January of 2021 and beyond, during the statute of limitations?
> A: It does appear there was.
> Q: Okay. And when did the—well, let me ask this: What was the underlying nature of the investigation? So was it a felony investigate?
> A: It does appear to be a felony investigation, yes.
> Q: And what is the applicable statute of limitations for a felony investigation?
> A: In this case, it would be three years, so September of 2022.
> Q: Okay. And I'll ask one other question, which is when the police report says, "Forward to OIC Postawa," what does "OIC" stand for?
> A: Oic does stand for "officer in charge."

On July 12, 2023, the trial court denied the motion to vacate.

Navarro moved for reconsideration under CR 59(a) arguing the trial court accepted testimony from someone who does not have direct knowledge of the investigation and the investigation is not active. In its ruling, the trial court explained that while it discounted the weight of Betts's testimony, it was still useful for understanding the general procedures utilized when investigating cases. The trial court denied the motion finding that although it was unclear as to the reason no charges were filed, there was enough inferences and evidence to suggest an active investigation was pending before the statute of limitations expired.

Navarro appeals the order denying his motion to vacate and the order denying reconsideration and seeks costs under RCW 42.56.550(4) for the period of June 23, 2020 to June 23, 2023.

II

Navarro argues the trial court abused its discretion by denying the motion to vacate the summary judgment order. He contends that Detective Jones committed perjury when he testified the case was open and active when no work was done on the case after October 2019. We disagree.

A trial court's decision on a motion to set aside a judgment is reviewed for abuse of discretion. Trinity Universal Ins. Co. of Kansas v. Ohio Cas. Ins. Co., 176 Wn. App. 185, 195, 312 P.3d 976 (2013). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). "A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard." Littlefield, 133 Wn.2d at 47. "If the trial court's ruling is based on an erroneous view of the law or involves application of an incorrect legal analysis it necessarily abuses its discretion." Dix v. ICT Grp., Inc., 160 Wn.2d 826, 833, 161 P.3d 1016 (2007).

Motions for reconsideration are addressed to the sound discretion of the trial court and a reviewing court will not reverse a trial court's ruling absent a showing of

-5-

manifest abuse of discretion.  Wilcox v. Lexington Eye Inst., 130 Wn. App. 234, 241, 122 P.3d 729 (2005).

Under CR 60(b)(4), the trial court may vacate a judgment procured by fraud, misrepresentation, or misconduct.  The rule is aimed at judgments unfairly obtained, not factually incorrect judgments.  Sutey v. T26 Corp., 13 Wn. App. 2d 737, 756, 466 P.3d 1096 (2020).  As a result, "'the fraudulent conduct or misrepresentation must cause the entry of the judgment such that the losing party was prevented from fully and fairly presenting its case or defense.'"  Sutey, 13 Wn App. 2d at 756 (quoting Lindgren v. Lindgren, 58 Wn. App. 588, 596, 794 P.2d 526 (1990)).  The fraud, misrepresentation, or other misconduct must be established by clear and convincing evidence.  Lindgren, 58 Wn. App. at 596.  "Clear, cogent, and convincing evidence exists when the ultimate fact in issue is shown by the evidence to be 'highly probable.'"  In re Dependency of A.N.C., 24 Wn. App. 2d 408, 414-15, 520 P.3d 500 (2022) (quoting In re Dependency of K.R., 128 Wn.2d 129, 141, 904 P.2d 1132 (1995)), review denied, 1 Wn.3d 1012 (2023).

The PRA exempts from disclosure specific intelligence information and specific investigative records compiled by law enforcement, the nondisclosure of which is essential to effective law enforcement or for the protection of a person's right to privacy.  RCW 42.56.240(1).  But "where the suspect has already been arrested and the matter referred to the prosecutor for a charging decision. . . the risk of inadvertently disclosing sensitive information that might impede apprehension of the perpetrator no longer exists."  Cowles Pub. Co. v. Spokane Police Dep't, City of Spokane, 139 Wn.2d 472, 477-78, 987 P.2d 620 (1999).  To determine whether an investigation is leading toward

an enforcement, we examine "(1) 'affidavits by people with direct knowledge of and responsibility for the investigation . . .'; (2) whether resources are allocated to the investigation; and (3) whether enforcement proceeding are contemplated." Newman, 133 Wn.2d at 573 (alteration in original) (quoting Dickerson v. Dep't of Just., 992 F.2d 1426, 1431-32 (6th Cir. 1993)).

In Newman, the county and the Federal Bureau Investigation (FBI) had personnel assigned to the case, individuals responsible for the investigation stated the case was still open and enforcement was contemplated, and evidence suggested that the release of the requested documents would inhibit police discretion of when and how to release information. Newman, 133 Wn.2d at 574. Our Supreme Court held that information in an open investigation file is essential to effective law enforcement and thus is exempt from disclosure. Newman, 133 Wn.2d at 575. The court reasoned that requiring law enforcement to segregate documents according to importance before a case is solved could lead to the disclosure of sensitive information. Newman, 133 Wn.2d at 574.

Navarro's reliance on Hor v. City of Seattle, 18 Wn. App. 2d 900, 493 P.3d 151 (2021), is misplaced. In Hor, this court concluded the trial court improperly excluded posttrial statements by an officer which, if deemed credible, could rise to the level of misconduct under CR 60(b)(4). Hor, 18 Wn. App. 2d at 912. But the court did not rule on the merits of the CR 60 motion. Hor, 18 Wn. App. 2d at 911.

Here, the trial court determined that Detective Jones was credible. We are not persuaded that the trial court abused its discretion by relying on Detective Jones's testimony as the person with direct knowledge of and who was responsible for the

investigation. Nothing indicates the trial court abused its discretion by making reasonable inferences from the testimony of Assistant Chief Betts as to general procedures used when investigating cases. Resources were assigned to the case as shown by the police report and Detective Jones's testimony. Evidence also supports that for a potential felony charge, the investigation was kept open so that charges could have been filed up until the statute of limitations expired in September 2022. When Navarro requested the records, the investigation was open and active.

The trial court did not abuse its discretion by denying the motion to vacate or the motion to reconsider.[6]

We affirm.

_____
Mann, J.

WE CONCUR:

_____
Smith, C.J.

_____
Dwyer, J.

---

[6] Because Navarro does not prevail against the City, he is not entitled to costs.