
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ANGELA A. GARCIA-LEIJA, | ) | |
| | ) | No. 40997-0-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISO J. VALENCIA, MARTA | ) | UNPUBLISHED OPINION |
| VALENCIA, & VALENCIA | ) | |
| TRUCKING, | ) | |
| | ) | |
| Respondents. | ) | |

COONEY, A.C.J. — Angela Garcia-Leija was granted an order of default and

default judgment against Francisco Valencia, Marta Valencia, and Valencia Trucking,

LLC (collectively "the Valencias"). The trial court later set aside the order and judgment

on the Valencias' motion. Ms. Garcia-Leija appeals. We decline to consider whether the

trial court abused its discretion in setting aside the order and judgment because the record

is insufficient for our review.

BACKGROUND

On October 11, 2024, Ms. Garcia-Leija filed a complaint against the Valencias

related to her purchase of a recreational vehicle from them. The summons and complaint

No. 40997-0-III
*Garcia-Leija v. Valencia, et al*

were served on October 13, 2024. On October 31, 2024, the Valencias' attorney filed a notice of appearance but did not answer the complaint. Thereafter, Ms. Garcia-Leija filed a motion for an order of default and default judgment. Following a hearing on December 13, 2024, the court entered an "Order of Default and Default Judgment" against the Valencias. Clerk's Papers (CP) at 84-85.

On December 19, 2024, the Valencias' attorney filed a motion to set aside the order of default and default judgment. Following a hearing on January 10, 2025, the court granted the Valencias' motion and entered an order setting aside the order of default and default judgment. The order simply states:

> THIS MATTER HAVING COME ON for hearing before the undersigned judge/commissioner of the above-entitled court, it is hereby ORDERED THAT:
> 1) The order of default and judgment entered by the court on December 13, 2024 is vacated in its entirety pursuant to Defendants' motion.
> 2) Defendants' motion for fees and terms is denied.

CP at 159.

Ms. Garcia-Leija appeals to this court.

ANALYSIS

Ms. Garcia-Leija argues the trial court abused its discretion in granting the Valencias' motion to vacate the order of default and default judgment. We are unable to reach the merits of Ms. Garcia-Leija's claimed error because she has failed to provide this court with the verbatim report of proceedings containing the trial court's ruling.

2

Default judgments are disfavored as parties should be given their day in court with controversies determined on their merits. *Morin v. Burris*, 160 Wn.2d 745, 754, 161 P.3d 956 (2007). Courts have therefore been liberal in setting aside default judgments. *Id.* Thus, the decision on a motion to vacate an order of default or a default judgment resides within the sound discretion of the trial court. *Lindgren v. Lindgren*, 58 Wn. App. 588, 595, 794 P.2d 526 (1990).

We review a trial court's decision to vacate an order of default or a default judgment for abuse of discretion. *In re Est. of Stevens*, 94 Wn. App. 20, 29, 971 P.2d 58 (1999). A court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds. *Breckenridge v. Valley Gen. Hosp.*, 150 Wn.2d 197, 203-04, 75 P.3d 944 (2003). "[T]he discretionary judgment of a trial court of whether to vacate [an order] is a decision upon which reasonable minds can sometimes differ." *Lindgren*, 58 Wn. App. at 595. Consequently, if the trial court's decision "is based upon tenable grounds and is within the bounds of reasonableness, it must be upheld." *Id*.

The appellate rules provide: "A party should arrange for the transcription of all those portions of the verbatim report of proceedings necessary to present the issues raised on review." RAP 9.2(b). An appellate court may not find that a trial court abused its discretion without a sufficiently perfected record. *State v. Wade*, 138 Wn.2d 460, 466, 979 P.2d 850 (1999). Here, we were not provided with a verbatim report of proceedings. Without it, we are unable to determine whether the trial court's exercise of discretion in

3

setting aside the order of default and default judgment was manifestly unreasonable or based on untenable grounds. We therefore decline to consider this claim.

The Valencias argue, without any citation to authority, that they should be awarded attorney fees and costs. To be awarded fees under RAP 18.1(b), the Valencias were required to "devote a section of [their] opening brief to the request or fees or expenses." Because the Valencias failed to comply with RAP 18.1(b), we deny their request for attorney fees.

## CONCLUSION

We decline review of Ms. Garcia-Leija's claimed error and deny the Valencias' request for an award of attorney fees and costs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, A.C.J.

WE CONCUR:

_____          _____
Lawrence-Berrey, J.                                      Murphy, J.

4